Hannah Marie MORRISON, Administratrix of the Estate of Betty Ann Gray, Petitioner,

v.

Rafael C. CHAN, et al., Respondents.

No. C–3085.

Supreme Court of Texas.

Oct. 30, 1985.

Rehearing Denied Dec. 4, 1985.

Timothy E. Kelley, A.P.C., John W. Henvey, Dallas, for petitioner.

Cantey, Hanger, Gooch, Munn & Collins, Rod Patterson, Garrett & Settle, Peveril O. Settle, III, Fort Worth, for respondents.

OPINION

GONZALEZ, Justice.

This suit involves construction of the statute of limitations in medical malpractice actions. Betty Gray sued Dr. Rafael C. Chan, Moncrief Radiation Center, Radiation Therapy and Chemotherapy Associates, and Radiation Center, alleging that their negligence resulted in a hole in her bladder. The trial court granted defendants' summary judgment on the basis of the statute of limitations as provided in the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1985). The court of appeals affirmed the judgment. 668 S.W.2d 483 (1984). We affirm the judgment of the court of appeals.

Betty Gray received radium treatments for cervical cancer from Dr. Chan. The last radium treatment was completed on February 13, 1980. In late August of that year, Gray developed urinary problems. In September 1980, Mrs. Gray's urologist discovered a hole between Mrs. Gray's bladder and vagina. An earlier examination in August of 1980 had not revealed the problem. Gray sued all defendants for damages allegedly caused by negligent application of the radium treatment. After filing suit, Gray died. Hannah Morrison, administratrix of the estate, was substituted as plaintiff.

All defendants pleaded limitations as a defense in this suit. The operative facts and dates are not in dispute. For clarity, these dates include:

February 11, 1980—Last radiation treatment given by Dr. Chan

February 13, 1980—Radiation treatment of 2–11–80 completed

Early September 1980—Gray was diagnosed as having a hole in her bladder

July 21, 1982—Gray mailed letter with statutory notice of claim

October 6, 1982—Gray's original petition was filed (2 years, 8 months after the date of the last treatment by Dr. Chan)

These are the only relevant dates in determining the applicable limitations. The issue, then, is which of these dates starts the running of the limitations period.

The trial court granted summary judgment on the basis of Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1985), which provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed
. . . .

Dr. Chan and the other defendants conclusively established the last date of treatment. Suit was not filed until more than two years after the date of the last treatment.

Morrison's points of error can be grouped into two main categories. Morrison's first group of contentions attack the Medical Liability and Insurance Improvement Act with a wide array of constitutional challenges. Morrison's second group of contentions attack the lower courts' construction of the Act. We will begin our analysis with the constitutional arguments.

I. *Constitutional Challenges*

■ Morrison asserts that the limitations provision of the Medical Liability and Insurance Improvement Act is unconstitutional under due process and equal protection provisions of the Federal and Texas Constitutions and that it is unconstitutional under the "open courts" provision of the Texas Constitution. Morrison further alleges that the Act is unconstitutional because there is no medical malpractice crisis. The majority of these issues were not presented as points of error in the court of appeals. The court of appeals did not err

in refusing to reverse the case on a point raised for the first time in Morrison's motion for rehearing. *Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 797 (Tex.1974); *Texas State Hwy. Dept. v. Fillmon,* 150 Tex. 460, 242 S.W.2d 172, 174 (1951).

Morrison only preserved her due process argument. The strongest constitutional due process argument that a plaintiff can assert in this situation is under Texas Constitution art. 1, § 13—which provides additional rights for the citizens of Texas. *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983). The "open courts" provision provides in part:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. art. 1, § 13.

The open courts provision has been discussed in our recent opinions which, under the specific facts addressed, found both the 1975 and 1977 medical liability acts unconstitutional. The rationale underlying the open courts provision is that the Legislature has no power to make a remedy by due course of law contingent on an impossible condition. *Nelson v. Krusen,* 678 S.W.2d 918, 921 (Tex.1984). In *Sax,* we held that the statute cannot cut off a minor's cause of action before he reaches the age of legal capacity. Subsequently, in *Nelson v. Krusen,* we held that Tex.Ins. Code Ann. article 5.82, section 4 (repealed), predecessor to Art. 4590i, § 10.01, was unconstitutional insofar as it cut off a cause of action before the plaintiff knew that a cause of action existed. Finally, in *Neagle v. Nelson,* 685 S.W.2d 11 (Tex.1985), where a sponge was left in plaintiff's body, this court found that Art. 4590i, § 10.01, as applied to that plaintiff's cause of action, violated the open courts provision.

Morrison's reliance on the above cases is misplaced. The *Nelson v. Krusen* and *Neagle* decisions are premised on the fact that it was not possible for the parties to discover the injury within the two-year period. Those cases held that, as to those particular plaintiffs, the two medical liabili-ty acts were unconstitutional. In *Nelson v. Krusen,* we stated that, "article 5.82, section 4 of the Insurance Code is unconstitutional, under the open courts provision, to the extent it purports to cut off an injured person's right to sue *before the person has a reasonable opportunity to discover the wrong and bring suit.*" 678 S.W.2d at 923.

■ In *Nelson v. Krusen,* this court reconciled the decisions in *Sax v. Votteler* and *Robinson v. Weaver,* 550 S.W.2d 18 (Tex. 1977), where the respective plaintiffs were barred by the two-year statute, noting that:

In both cases, the adult litigants discovered their injuries while there was still a reasonable time to sue. In both cases the parties had over one year from the date the injuries were discovered, even if the two year limitations was not tolled. The statutes of limitation were not unconstitutional as applied to the parties in *Sax* and *Robinson;* hence, there was no reason to strike down the statutes merely because they might operate in an unconstitutional manner in another case.

*Nelson v. Krusen,* 678 S.W.2d at 923. Gray was in a similar situation here. She discovered the injury well within the applicable limitations. We find that Art. 4590i, § 10.01, as applied to Gray's cause of action, is constitutional.

## II. *Construction of the Act*

Morrison argues that the period of limitations stated in the statute runs from one of three events: one, the occurrence of the breach; two, the occurrence of the tort; and three, the date of completion of the health care treatment made the basis of the claim. Morrison's argument in this case is that the statute of limitations begins to run with the occurrence of the last of the three events. In conjunction with this argument, Morrison urges that the "tort" did not occur until early September of 1980 when a hole was discovered in her bladder. The rationale of this argument is that until the discovery of the hole, Gray suffered no damage or injury which would entitle her to a judicial remedy.

Morrison argues that "tort" as used in the Medical Liability Act requires the *accrual* of a right to a judicial remedy. In evaluating the language of Art. 4590i, § 10.01, it is our duty to construe statutes as written, and, if possible, ascertain the Legislature's intent from the language of the act. *Gov't. Pers. Mut. Life Ins. Co. v. Wear,* 151 Tex. 454, 251 S.W.2d 525, 529 (1952). To ascertain legislative intent, we must look to the statute as a whole and not to its isolated provisions. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). The Legislature enacted the Medical Liability and Insurance Improvement Act to alleviate a perceived medical malpractice insurance crisis in the State of Texas. Art. 4590i, § 1.02. In an effort to accomplish this goal, the Legislature adopted an absolute two-year limitations period.

In assessing Morrison's argument that the statute of limitations begins to run when the "tort" accrues, it must be remembered that the 64th Legislature had before it the "accrued" language from Article 5526, and the judicial interpretations thereof, when it passed article 5.82, section 4, the predecessor to Art. 4590i, § 10.01. The term "accrual", however, that appears in article 5526 was excluded from article 5.82, section 4, and was subsequently excluded from Art. 4590i, § 10.01. Every word excluded from a statute must be presumed to have been excluded for a reason. *Cameron,* 618 S.W.2d at 540. Thus, we must presume the Legislature did not intend the term "tort" to refer to the time a cause of action accrues.

In *Nelson v. Krusen,* we observed that:

In *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967), a medical malpractice case, this court adopted the "discovery rule," providing that the statute of limitations did not begin to run until the patient learned of, or, in the exercise of reasonable care and diligence, should have learned of, the alleged malpractice. *Id.* at 580. The rule in *Gaddis* was adopted as a matter of statutory construction, because the limitations provision, article 5526, Tex.Rev.Civ.Stat.Ann., provided that suit must be brought within two years of the date the cause of action *accrued.* We held that a cause of action does not accrue until the plaintiff knows, or has reason to know, of his injury. *In contrast, article 5.82, section 4 contains no accrual language and thus imposes an absolute two-year statute of limitations regardless of when the injury was discovered.*

*Nelson v. Krusen,* 678 S.W.2d at 920 (emphasis added).

If we were to accept Morrison's definition of "tort," the statute of limitations would never run until Gray discovered or reasonably should have discovered her injury. Morrison would have us reinstate the discovery rule. We hold that the Legislature's intent in passing Art. 4590i, § 10.01, was to abolish the discovery rule in cases governed by the Medical Liability Act.

The act or omission that is the basis of this law suit occurred on February 13, 1980. Approximately six months later, Gray was diagnosed as having a hole in her bladder. She had approximately eighteen months left within the limitations period to bring suit. We hold that Gray's failure to file suit within the applicable period bars recovery.

On motion for rehearing on application for writ of error, Morrison asserts that the deceased's illness should toll the statute of limitations. This point, however, has not been preserved for review.

The judgment of the court of appeals is affirmed.