**Jerijean WORK, Individually and as Next Friend of Sidney Alex Work, a Minor, and Raquel Work, Appellants,**

v.

**Claude P. DUVAL, M.D. and Hermann Hospital, Appellees.**

**No. C14–90–055–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 9, 1991.

Martha D. Adams, Houston, for appellants.

Robert J. Swift, Michael C. Feehan, Mary Hunell Smith, David R. Iler, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Jerijean Work and her children, Sidney Alex Work and Raquel Work, appeal from summary judgments rendered in favor of appellees, Claude P. Duval, M.D. and Hermann Hospital. Appellants' fourth amended petition alleged that Jerijean Work had suffered injuries as the result of medical malpractice committed by appellees, and that her children were entitled to recover damages for loss of parental consortium and for mental anguish resulting from their mother's injuries. Appellees each moved for summary judgment alleging that Jerijean Work's cause of action was barred by the applicable statute of limitations, and that they were entitled to judgment as a matter of law on the issue of parental consortium. The trial court granted the motions for summary judgment, and this appeal followed. In their sole point of error, appellants contend that the trial court erred in granting the summary judgments. We affirm.

This case arises from physical injuries to Jerijean Work allegedly incurred as the result of negligent medical treatment rendered by Dr. Claude Duval and Hermann Hospital. Prior to being injured, Jerijean Work was a legal secretary. She had received some training as a paralegal, and her job duties included trial work, writing briefs and client interviews. In 1974, Ms. Work began receiving medical treatment from Dr. Duval for pain in her lower back. She was treated both in Dr. Duval's office and at Hermann Hospital. Ms. Work's back condition worsened, and she was forced to quit her job in 1977.

In 1980, during her final stay in Hermann Hospital, Jerijean Work was informed by a hospital employee that Dr. Duval was going to be dismissed and would no longer be working at the hospital. In addition, another employee at Hermann Hospital apologized to Ms. Work, on behalf of herself and the hospital, for the quality of treatment Ms. Work had received from Dr. Duval. This employee stated that if she had been aware of the irregularities in Dr. Duval's methods, she would have warned Ms. Work in advance. During this same hospitalization, Dr. Duval approached Ms. Work and asked her to testify on his behalf before a hospital board. Ms. Work declined to testify, because she felt that her condition was getting worse instead of better. Dr. Duval was dismissed, and Ms. Work transferred to another hospital. Ms. Work last received medical treatment from Dr. Duval and Hermann Hospital on May 20, 1980.

After Jerijean Work left Hermann Hospital, her condition steadily deteriorated, and she eventually became paralyzed. She received medical treatment from several doctors, and her condition was initially mis-

diagnosed as multiple sclerosis. However, on January 8, 1982, Ms. Work was informed by physicians in Dallas that her injuries had been caused by the numerous surgical invasions of her spinal cord performed by Dr. Duval at Hermann Hospital. On July 25, 1983, Dr. Duval received a notice of claim letter from Jerijean Work. On October 31, 1983, Ms. Work filed her original petition in this action against Dr. Duval and Hermann Hospital.

In her original petition, Jerijean Work sought to recover damages in an individual capacity for injuries allegedly caused by medical malpractice committed by appellees. Ms. Work subsequently filed an amended petition in which her two natural children joined in the suit as plaintiffs. In addition to seeking recovery for Ms. Work's injuries, appellants' fourth amended petition alleges that Ms. Work's children are entitled to recover damages for loss of parental consortium and for mental anguish which they suffered as a result of their mother's pain and disability.

Appellees filed separate motions asserting identical grounds for summary judgment. The trial court found that Jerijean Work's cause of action for medical malpractice was barred by the applicable two-year statute of limitations, and that the children were precluded as a matter of law from recovering under their asserted causes of action. The trial court granted summary judgments in favor of appellees, and this appeal followed. In their sole point of error, appellants contend that the trial court erred in granting the summary judgments, because appellees were not entitled to judgment as a matter of law.

■ Health care liability claims in Texas are subject to the limitations provisions set forth in the Medical Liability and Insurance Improvement Act of Texas, TEX.REV. CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1991). Section 10.01 of the Act requires a plaintiff to commence a claim "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed."

*Id.* The supreme court has held that § 10.01 effectively abolishes the discovery rule in medical malpractice cases. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). However, under the open courts provision of Tex. Const. art. I, § 13, the legislature has no power to make a remedy by due course of law contingent on an impossible condition. *Morrison,* 699 S.W.2d at 207. Thus, § 10.01 cannot be applied so as to cut off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit. *See id.*

Appellants first argue that the trial court erred in granting appellees' motions for summary judgment, because Jerijean Work's cause of action is not barred by the two-year statute of limitations. Appellees' summary judgment proof established that Jerijean Work was last treated by Dr. Duval and Hermann Hospital on May 20, 1980. Accordingly, under § 10.01, Ms. Work had until May 20, 1982 to either file her original petition or extend the limitations period by sending a notice of claim letter to appellees. The summary judgment proof shows that appellants failed to exercise either of these options. Dr. Duval did not receive a notice of claim letter until July 25, 1983, and Ms. Work's original petition was not filed until October 31, 1983.

Although appellants concede that Ms. Work's original petition was not filed within the applicable two-year period, they argue that the action is not time barred, because the limitations provision of § 10.01 is unconstitutional as applied to the facts of this case. In order to challenge the constitutionality of § 10.01, appellants must allege that application of the two-year limitation statute cut off Jerijean Work's cause of action before she knew or should have known that a cause of action existed. *Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex. 1989). This they have failed to do. Appellants concede that Ms. Work knew of her cause of action against appellees four months prior to the expiration of the two-year period, but they contend that four months is not a reasonable time to consult an attorney and bring suit. Appellants

also contend that the issue of whether four months constituted a reasonable time in which to file suit raised a genuine issue of material fact precluding summary judgment. We disagree.

The issue of whether four months constitutes a reasonable time in which to consult an attorney and file suit is not relevant to this appeal. This case does not present a situation where a plaintiff narrowly misses filing her petition within the two-year period. Ms. Work filed her original petition one year, five months and eleven days after the limitations period expired, and more than one year and nine months after she *discovered* her cause of action. The open courts provision of the Texas Constitution does not serve to toll the running of the statute of limitations until a plaintiff discovers her cause of action. *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). Rather, it requires only that a plaintiff be given a reasonable time to discover her injury and bring suit before the cause of action is barred by limitation. *See id.* at 207; *Krueger v. Gol*, 787 S.W.2d 138, 140 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

None of the cases relied upon by appellants would support a holding that the statute of limitations in § 10.01 violates the open courts provision of the Texas Constitution on the facts of this case. Ms. Work discovered her cause of action against appellees four months before the two-year limitation period expired. Notwithstanding this fact, she waited more than twenty-one months before filing suit. Regardless of whether Ms. Work was required to file her action in the four months prior to the expiration of the limitations period, she was not entitled to wait more than twenty-one months after discovering her cause of action before filing suit. Accordingly, we hold that Ms. Work had a reasonable opportunity to consult an attorney and file suit before her cause of action was time barred, and that the limitation provision of § 10.01, as applied to the facts of this case, is constitutional.

Appellants also contend that a genuine issue of material fact exists as to whether appellees fraudulently concealed their negligence or the fact that an injury had occurred. Specifically, appellants argue that the trial court erred in granting the summary judgments, because the appellees' summary judgment proof failed to disprove fraudulent concealment. This contention is without merit. Fraudulent concealment is an affirmative defense to the statute of limitations. *E.g., Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex.1977). As such, the burden was on appellants to come forward with summary judgment proof to support their allegation of fraudulent concealment. *E.g., id.* The only summary judgment proof offered by appellants to support their allegation of fraudulent concealment was the affidavit of Jerijean Work. Ms. Work's affidavit wholly fails to establish either that appellees had actual knowledge that a wrong had occurred or that there was any fixed purpose on the part of appellees to conceal the wrong. Accordingly, we hold that appellants failed to satisfy their burden of proof, and that the bare allegation of fraudulent concealment did not present a genuine issue of material fact precluding summary judgment.

In their final complaint, appellants argue that the trial court erred in ruling that Jerijean Work's natural children were not entitled to recover damages for loss of parental consortium and mental anguish. The supreme court has recently recognized that children may have a cause of action for loss of parental consortium. *See Reagan v. Vaughn*, 804 S.W.2d 463, 466 (Tex. 1990). However, in view of the supreme court's guidelines for applying the holding of *Reagan v. Vaughn*, it is clear that any cause of action for loss of parental consortium in this case was extinguished by the expiration of the statute of limitations on Ms. Work's cause of action prior to December 19, 1990. *See id.* at 468.

The judgment of the trial court is affirmed.