**Mary Barbara BURGESS and Jimmie Ross Burgess, Appellants,**

v.

**Dr. Jerry D. JENNINGS, Appellee.**

No. 05–94–01054–CV.

Court of Appeals of Texas, Dallas.

May 31, 1995.

Rehearing Overruled July 26, 1995.

Martha C. Wright, Wright & Associates, Grand Prairie, for appellants.

Cheryl E. Diaz, Thompson & Knight, P.C., Alan L. Campbell, Cowles & Thompson, Dallas, for appellee.

Before OVARD, BARBER and DEVANY, JJ.

## OPINION

OVARD, Justice.

Mary Barbara Burgess and Jimmie Ross Burgess[1] appeal a summary judgment entered in favor of Dr. Jerry D. Jennings. The Burgesses filed a medical malpractice claim against Jennings, Dr. A. Bryant Manning, and two health insurance companies. Jennings filed a motion for summary judgment

---

1. We refer to Mary Burgess individually as "Mary," and to Mary and Jimmy Burgess collec- tively as "the Burgesses."

based on the applicable statute of limitations: section 10.01 of the Medical Liability and Insurance Improvement Act (the Act).[2] The trial court granted Jennings' motion. The trial court also entered an agreed order to sever the Burgesses' claim against Jennings from their remaining claims. In four points of error, the Burgesses contend the trial court erred in entering summary judgment for Jennings because: (1) a genuine issue of material fact exists between the parties; (2) the statute of limitations improperly barred the Burgesses' recovery; (3) the statute's application violates the Texas Constitution's open courts provision; and (4) the statute's application violates the Burgesses' due process and equal protection rights under the United States and Texas Constitutions. For the following reasons, we reverse the trial court's judgment and remand the cause to the trial court.

## FACTS AND PROCEDURAL HISTORY

Jennings, Mary's primary care physician, diagnosed a lesion on Mary's nose as a basal cell carcinoma. He made the diagnosis on or about March 3, 1989, and referred Mary that day to Dr. Manning for treatment of the small cancer.[3] Although Jennings continued to act as Mary's primary care physician until July 1990, he made no further examination of the lesion. He did not treat the lesion at any time.

Manning was another general practitioner in Jennings' group practice. Manning began treating Mary's lesion on or about March 3, 1989. He administered treatment for over two years. On May 3, 1991, Mary was told to see a specialist. On her first visit to the specialist in May, she discovered the cancer had invaded her nose.[4]

The Burgesses sent Jennings notice on or about March 3, 1993, and filed their suit on

May 13, 1993. They alleged, among other things, that Jennings negligently referred Mary to Manning. Jennings moved for summary judgment, claiming the Act's two-year statute of limitations[5] barred the Burgesses' claim against him. He maintained the statute barred the claim even if the trial court: (1) applied the statute in conjunction with the open courts doctrine; and (2) assumed for summary judgment purposes that the Burgesses could not have discovered the allegedly improper referral until May 1991. The trial court entered summary judgment for Jennings and severed the Burgesses' claim against Jennings from their remaining claims.

## APPLICABLE LAW

### A. Summary Judgment: Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his burden of proof to establish that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). To review the trial court's determination of whether a genuine issue of material fact exists, we disregard evidentiary conflicts and accept as true all evidence favorable to the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In addition, we indulge every reasonable inference favoring the nonmovant. *Id.* Furthermore, we resolve any doubts in the nonmovant's favor. *Id.*

A party moving for summary judgment on the basis of limitations must conclusively establish that limitations bar the claim. *Waters ex rel. Walton v. Del–Ky, Inc.*, 844 S.W.2d 250, 253 (Tex.App.—Dallas 1992, no writ). Thus, if the nonmovant raises fact

---

**2.** Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.Pamph.1995).

**3.** Jennings asserted in his motion for summary judgment that he actually diagnosed Mary's carcinoma on December 27, 1988. However, for summary judgment purposes, he accepted the Burgesses' contention that he made the diagnosis and the referral on the same date: March 3, 1989.

**4.** For summary judgment purposes, Jennings accepted the date of this visit as the date Mary discovered her injury.

**5.** *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.Pamph.1995).

issues suspending limitations, the movant must conclusively negate those issues to prove he is entitled to summary judgment. *Id.*

## B. Article 4590i Statute of Limitations

██ To be timely, a suit filed under article 4590i must be brought within two years of: (1) the date the breach or tort occurs; (2) the date the health care treatment that is the subject of the claim ends; or (3) the date the hospitalization for which the claim is made ends. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.Pamph.1995). The legislature intended this three-date scheme to aid a litigant who had difficulty ascertaining the precise date on which his injury occurred. *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). For example, where the plaintiff's claim arises from a course of treatment, the only date easily ascertained is often the last day of the treatment. *See id.* In such a case, section 10.01 allows the statute of limitations to run from the last day of treatment. *Id.* However, when the precise date of the breach or tort itself is readily ascertainable, section 10.01 requires the statute of limitations to run from that date. *Kimball,* 741 S.W.2d at 372; *see Waters,* 844 S.W.2d at 255. Timely statutory notice tolls the running of the statutory limitations period. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01 (Vernon Supp.Pamph.1995).

Before article 4590i became effective, the discovery rule tolled the applicable statute of limitations until the patient discovered, or should have discovered, the alleged malpractice. *See Nelson v. Krusen,* 678 S.W.2d 918, 920 (Tex.1984); *cf. Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967). Section 10.01 abolishes the discovery rule in article 4590i cases. *Waters,* 844 S.W.2d at 255; *see Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex. 1985). Thus, the two-year limitations period runs without regard to the date the injured party discovered the injury. *Waters,* 844 S.W.2d at 255; *see Morrison,* 699 S.W.2d at 208.

## C. The Open Courts Doctrine

The article 4590i statute of limitations remains subject to challenge under the Texas Constitution's open courts provision. *Adkins v. Tafel,* 871 S.W.2d 289, 292 (Tex.App.— Fort Worth 1994, n.w.h.); *see Morrison,* 699 S.W.2d at 207–08. That provision provides in part:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. art. I, § 13. Under the open courts provision, the legislature has no power to make a remedy by due course of law contingent on an impossible condition. *Nelson,* 678 S.W.2d at 921.

██ In order to establish that a statute's application violates the open courts provision, a party must show two things: (1) she has a well-recognized common-law cause of action that is being restricted; and (2) the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983). Under this two-part test, a statute's application violates the open courts provision when it bars a common-law cause of action before the litigant has a reasonable opportunity to (A) discover the cause of action, and (B) bring suit. *See Nelson,* 678 S.W.2d at 923; *Waters,* 844 S.W.2d at 257. A litigant had a reasonable opportunity to discover the cause of action within the limitations period when she either actually discovered or, through the exercise of reasonable diligence, should have discovered the cause of action during that time. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990); *cf. Hellman v. Mateo,* 772 S.W.2d 64 (Tex.1989) (to make "open courts" challenge to the application of article 4590i, injured party must allege the statute of limitations cut off her cause of action before she knew or should have known that a cause of action exists).

██ The open courts provision does not reinstate the discovery rule in article 4590i cases. *See Work v. Duval,* 809 S.W.2d 351, 354 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Morrison,* 699 S.W.2d at 207–08. The provision does not toll the statute of limitations until the injured party discovers her cause of action. *Work,* 809 S.W.2d at 354;

*see Morrison,* 699 S.W.2d at 207–08. Instead, it merely requires that the litigant have a reasonable time to discover the cause of action and bring suit before the two-year statute bars the claim. *Work,* 809 S.W.2d at 354; *see Morrison,* 699 S.W.2d at 207–08.

■ In analyzing a statute's application under the open courts provision, we begin with a presumption that the application is constitutional. *See Sax,* 648 S.W.2d at 664. We presume the Legislature has not acted unreasonably or arbitrarily. *Sax,* 648 S.W.2d at 664. Therefore, where reasonable minds may differ, a difference of opinion does not provide a sufficient basis to strike down the statute's application as arbitrary or unreasonable. *See id.*

## APPLICATION OF THE LAW TO THE FACTS

### A. Genuine Issue of Material Fact

In their first point of error, the Burgesses contend the trial court erred in granting summary judgment for Jennings because a genuine issue of material fact exists. They assert Jennings failed to prove they discovered or should have discovered Mary's injury within the two-year statutory period. They maintain Jennings' failure to do so left a fact question about when the statute of limitations commenced.

The statute of limitations may run from one of only three possible dates: (1) the date the breach or tort occurred; (2) the date the health care treatment that is the subject of the claim ended; or (3) the date the hospitalization for which the claim is made ended. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.Pamph.1995). The statute runs regardless of the date the injured party discovered or should have discovered the cause of action. *Waters,* 844 S.W.2d at 255; *see Morrison,* 699 S.W.2d at 208. Thus, Jennings' failure to prove the Burgesses discovered or should have discovered Mary's injury within the two-year interval did not leave a genuine and material fact issue as to the date the statute began running. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.Pamph.1995); *Waters,* 844

S.W.2d at 255. Consequently, we overrule the Burgesses' first point of error.

### B. The Statute as a Bar to the Burgesses' Recovery

In their second point of error, the Burgesses contend the trial court erred in granting summary judgment based on the statute of limitations because the statute could not bar their claim if they did not and could not discover Mary's injury within the limitations period. In their third point of error, they assert the trial court erred in granting summary judgment based on the statute of limitations because the statute as applied violates the open courts provision. They maintain the statutory limitations period ran before they discovered or could have discovered Mary's injury. They assert the statute, therefore, cannot bar their claim.

In their third point of error, the Burgesses also advance an alternative theory that they maintain prevents the statute of limitations from barring their claim. They contend the limitations period did not begin until the date Manning last treated Mary. Under this alternative theory, the Burgesses assert they timely filed their cause of action under the statute of limitations.

### 1. Commencement of the Statute of Limitations

■ We first address the Burgesses' alternative theory because it necessarily involves a determination of the date the statute of limitations began running. We must determine this date accurately in order to analyze correctly section 10.01 as applied. The Burgesses contend the limitations period began running on the date Manning last treated Mary, rather than on the date Jennings referred Mary. They assert Jennings' referral "was revived on each and every occasion of [Manning's] treatment." They conclude the statutory limitations period should begin on the completion date of the health care treatment by Manning, rather than the date of the referral by Jennings.

Under article 4590i, the statute of limitations may begin running on the date the health care treatment that is the subject of the claim ends. *See* TEX.REV.CIV.STAT.ANN.

art. 4590i, § 10.01 (Vernon Supp.Pamph. 1995). However, if the date of the breach or tort is ascertainable, section 10.01 requires the limitations period begin on that date. *Kimball*, 741 S.W.2d at 372; *see Waters*, 844 S.W.2d at 255. The Burgesses propose the precise date of the breach was impossible to ascertain because each of Manning's treatments revived Jennings' referral. They cite no authority to support their proposition.

The Burgesses' situation is distinguishable from cases in which a patient sues a doctor whose allegedly negligent treatment of the patient's condition over a period of time has resulted in injury. *Cf. Gatling v. Perna*, 788 S.W.2d 44, 46 (Tex.App.—Dallas 1990, writ denied) (appellee/psychiatrist treated appellant for five years, during which time he continuously prescribed drugs which allegedly injured appellant). Jennings examined Mary's condition once. He never treated the condition. He made only one referral for treatment.

The situation in this case is comparable to the situation in *Kimball*. Kimball went into the hospital for surgery on March 11, 1982. *Kimball*, 741 S.W.2d at 371. Dr. Brothers, the anesthesiologist, had difficulty intubating Kimball. Surgery was postponed after Kimball suffered respiratory failure and cardiac insufficiency during the prolonged intubation procedure. *Id.* Dr. Brothers had no contact with Kimball before or after March 11. *Id.* However, Kimball remained in the hospital until March 17, 1982. *Id.* Kimball sent statutory notice to Dr. Brothers on March 16, 1984. *Id.*

Because Dr. Brothers had contact with Kimball only on March 11, 1982, the supreme court found that any tort or breach caused by Dr. Brothers must have occurred on that date. *Id.* at 372. The court stated:

> Kimball's claim against Dr. Brothers relates solely to Dr. Brothers' allegedly negligent actions on March 11, 1982. Thus, the last date of hospitalization has no relevance to the period of limitations in this situation.

*Id.* Because the precise date of the tort or breach was ascertainable, section 10.01 required the limitations period to run from that date. *Id.* Therefore, the court determined

the limitations period applicable to Kimball's claim against Dr. Brothers began running on March 11. *Id.*

The Burgesses' claim is strikingly similar to the appellant's claim in *Desiga v. Scheffey*, 874 S.W.2d 244 (Tex.App.—Houston [14th Dist.] 1994, n.w.h.). Desiga brought suit against Drs. Guerrero and Scheffey. *Desiga*, 874 S.W.2d at 246. Dr. Guerrero had referred Desiga to Dr. Scheffey, after diagnosing and initially treating Desiga's back condition. Dr. Scheffey had treated the condition following the referral. *Id.* Desiga's complaint against Dr. Guerrero was confined to Dr. Guerrero's allegedly negligent referral of Desiga to Dr. Scheffey. *Id.* at 249. As a result, the court found that the referral itself was the breach or tort forming the subject of the claim. *Id.*

The Burgesses' claim against Jennings is based solely on Jennings' allegedly negligent referral. For summary judgment purposes, Jennings agreed with the Burgesses' contention that the referral occurred on March 3, 1989. Therefore, we find the precise date of Jennings' alleged breach ascertainable: March 3, 1989. *See Kimball*, 741 S.W.2d at 372; *Desiga*, 874 S.W.2d at 249.

When the date of the breach or tort is ascertainable, section 10.01 requires the limitations period begin on that date. *Kimball*, 741 S.W.2d at 372; *see Waters*, 844 S.W.2d at 255. Thus, the statute of limitations applicable to the Burgesses' claim against Jennings began running on March 3, 1989. *See Kimball*, 741 S.W.2d at 372; *Waters*, 844 S.W.2d at 255. We need not determine whether Manning's treatment constitutes "health care treatment that is the subject of" the Burgesses' claim against Jennings. *Cf. Kimball*, 741 S.W.2d at 372 (if the date of the breach or tort is ascertainable, section 10.01 requires the limitations period begin on that date).

### 2. Constitutionality of Section 10.01 as Applied

 Section 10.01 imposes an absolute two-year statute of limitations. *Kimball*, 741 S.W.2d at 372; *Morrison*, 699 S.W.2d at 208. The open courts provision prohibits a statute from barring a common-law cause of action

before the plaintiff had a reasonable opportunity to discover the cause of action and bring suit. *See Nelson,* 678 S.W.2d at 923; *Waters,* 844 S.W.2d at 257. Thus, if section 10.01 bars a claim before the injured party had a reasonable time to discover the cause of action and bring suit, section 10.01 is unconstitutional as applied to that party. *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex. 1985). In that situation, it cannot operate to bar the cause of action. *Id.*

An injured party had a reasonable opportunity to discover the cause of action within the limitations period when she either actually discovered or, through the exercise of reasonable diligence, should have discovered the cause of action during that time. *See Moreno,* 787 S.W.2d at 355; *cf. Hellman,* 772 S.W.2d at 64. In this case, the statute of limitations began running March 3, 1989. *See Kimball,* 741 S.W.2d at 372; *Desiga,* 874 S.W.2d at 249; *Waters,* 844 S.W.2d at 255. The limitations period ended March 2, 1991. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.Pamph.1995). Jennings conceded for summary judgment purposes that the Burgesses neither discovered nor reasonably could have discovered the allegedly negligent referral until May 1991. Thus, the Burgesses did not have a reasonable opportunity to discover the cause of action within the limitations period. *See Moreno,* 787 S.W.2d at 355; *cf. Hellman,* 772 S.W.2d at 64. As a result, applying section 10.01 to bar the Burgesses' claim violates the open courts provision. *See Neagle,* 685 S.W.2d at 12. Accordingly, we sustain the Burgesses' second and third points of error.

Jennings moved for summary judgment on the sole ground that section 10.01, even if applied in conjunction with the open courts provision, barred the Burgesses' claim. Thus, the issue of the length of time the Burgesses had to timely file their claim, when section 10.01 could not constitutionally bar it, is not presented for our review.[6] Because section 10.01 as applied violates the open courts provision, the trial court's grant of summary judgment on the motion cannot stand. Therefore, we need not reach the Burgesses' fourth point of error.

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings in accordance with this opinion.

DEVANY, J., dissents without opinion.

---

6. In his motion for summary judgment, Jennings argued that the statute of limitations barred the Burgesses' claims. In his reply to the Burgesses' response to his motion for summary judgment, Jennings reasserted his contention that the statute barred the Burgesses' claims. In addition, he addressed for the first time the Burgesses' open courts argument. Jennings argued that the Burgesses' allegation, that the open courts provision prevented application of the statute, was without merit because they failed to file suit within a reasonable time of discovery. He further argued that the open courts provision did not toll the running of the statute until discovery. He concluded that, even if the open courts analysis applied, the statute of limitations barred the Burgesses' claims because the Burgesses failed to bring suit within a reasonable time after discovering the injury. He ended his reply by stating that, because the statute of limitations barred the Burgesses' claims, the trial court should grant his motion for summary judgment. Thus, Jennings' arguments in his reply, like those in his original motion, do not venture beyond the statute to assert any alternative method of limitations.