Yvonne FIORE and Charles
Fiore, Appellants,

v.

**HCA HEALTH SERVICES OF TEXAS,
INC. d/b/a North Hills Medical Center
and Michael Rogers, M.D., Appellees.**

No. 2–95–063–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 1, 1996.

Rehearing Overruled Feb. 29, 1996.

John W. Donovan, Houston, for appellant.

Jennifer M. Andrews, D. Michael Wallach, Wallach & Moore, Fort Worth, Dennis L. Roossien, Jr., Strasburger & Price, Dallas, Brett C. Govett, Fulbright & Jaworski, Dallas, for appellee.

Before DAY, LIVINGSTON and DAUPHINOT, JJ.

## OPINION

DAUPHINOT, Justice.

Yvonne and Charles Fiore sued three doctors and a medical center on May 4, 1994, alleging that the defendants had committed medical malpractice by failing to properly diagnose and treat Yvonne's fractured odontoid process (vertebrae in the neck). Charles's claim for mental anguish and loss of consortium is derivative of Yvonne's claim. Two of the defendants, HCA Health Services of Texas d/b/a North Hills Medical Center and Dr. Michael Rogers, filed motions for summary judgment asserting that the statute of limitations barred the Fiores' claims. On

January 20, 1995, the trial judge granted the motions of North Hills and Dr. Rogers and severed them from the remaining claims and defendants. On appeal, the Fiores argue that the trial court erred in summarily dismissing their lawsuit because the open courts provision of the Texas Constitution saves their claims against HCA and Dr. Rogers from the absolute two-year statute of limitations imposed by Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamph.1996) on all health care liability claims. Because the Fiores waited to sue for more than a year after learning of the misdiagnosis, the open courts provision is inapplicable and we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Yvonne was injured in a car accident on December 26, 1986 and taken by ambulance to North Hills for emergency diagnosis and treatment. After x-rays were taken of Yvonne's neck, she was released from North Hills. The next day, Dr. Rogers reviewed and interpreted the x-rays. The summary judgment evidence is uncontroverted that this was the extent of Yvonne's treatment by North Hills and Dr. Rogers. Despite North Hills and Dr. Rogers's diagnosis that Yvonne was uninjured by the accident, Yvonne continued to complain of neck and shoulder pain.

The pain began immediately upon Yvonne's release from North Hills because she stated that she "will never forget the pain during the ride home." Two weeks later, Yvonne saw her primary physician, Dr. Larry Burrows, for neck pain. From the beginning of 1987 through 1990, Yvonne saw Dr. Burrows approximately thirty times, each time complaining of neck and back pain. Dr. Burrows even had Yvonne briefly hospitalized in 1989 for her neck condition, yet the fracture remained undiagnosed. In early 1991, Yvonne started seeing some other health care providers in search of what was ailing her, stating that although she "didn't know what to think of [her] physical condition but [she] knew there must be something causing the disabling pain." Yvonne persevered for two more years with no relief and with accusations from doctors that the pain was merely in her head. Finally, in April 1993, a proper diagnosis was made of the fractured odontoid process, which most likely had occurred in the car accident of December 26, 1986. Yvonne underwent the corrective surgery. This ended what Yvonne has described as seven years of "extreme pain." The pain from the undiagnosed fractured vertebrae prevented Yvonne from working during this entire period of time and caused her severe depression.

## SUMMARY JUDGMENT

In a summary judgment case, the issue on appeal is whether the movant met his, her, or its summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law.[1] The burden of proof is on the movant,[2] and all doubts about the existence of a genuine issue of a material fact are resolved against movant.[3] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.[4]

North Hills and Dr. Rogers asserted that they were entitled to summary judgment because the Fiores' suit was barred by limitations. They are not, then, entitled to summary judgment unless they conclusively establish that the statute of limitations barred the lawsuit.[5]

## STATUTE OF LIMITATIONS

The Medical Liability and Insurance Improvement Act establishes the statute of limitations for medical malpractice claims:

---

1. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

2. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990).

3. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

4. *Great Am.*, 391 S.W.2d at 47.

5. *Rowntree v. Hunsucker*, 833 S.W.2d 103, 104 (Tex.1992).

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; ... [6]

Before the Act became effective, the discovery rule tolled the applicable statute of limitations until the patient discovered, or should have discovered, the alleged malpractice.[7] The Act created an absolute two-year limitations period and abolished the discovery rule in health care liability claims.[8] In other words, the statute of limitations for a health care claim now runs regardless of the date the injured party discovered or should have discovered the cause of action.[9]

■ The statute begins to run from one of three possible dates: (1) the occurrence of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed.[10] The Texas Supreme Court, in interpreting the statute of limitations found in the Act, has held that a cause of action for medical malpractice premised upon an alleged misdiagnosis and mistreatment, as in the case before us, accrues on the last date of treatment.[11] And, the Court further explained, when the precise date of the specific breach or tort is ascertainable from the facts of the case, the Act requires the limitations period to run from the date of the breach or tort.[12]

■ It is undisputed that Yvonne's only visit to North Hills occurred on December 26, 1986 and that the only contact that she had with Dr. Rogers was limited to his review and interpretation of her x-rays on December 27, 1986. Under section 10.01 of the Act, then, the Fiores were required to sue North Hills by December 26, 1988 and Dr. Rogers by December 27, 1988. The Fiores did not sue for the misdiagnosis until May 4, 1994, over seven years from the date Yvonne visited the hospital and Dr. Rogers reviewed her x-rays and over five years from the date the two-year statute of limitations expired. Thus, under the Act's statute of limitations, the Fiores' lawsuit is barred.

## OPEN COURTS PROVISION

■ Yet, our inquiry does not end there because the Act's statute of limitations remains subject to challenge under the open courts provision of article I, section 13 of the Texas Constitution.[13] That provision mandates that the legislature has no power to make a remedy by due course of law contingent on an impossible condition[14]:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.[15]

The open courts provision, then, prevents the legislature from unreasonably restricting or abrogating a common-law cause of action.[16]

The Fiores contend that their lawsuit is not barred by the statute of limitations because the open courts provision renders the statute unconstitutional as applied to their lawsuit. The Fiores essentially argue that because they did not learn of the misdiagnosis until April of 1993, it would be "shocking

6. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamph.1996).

7. See Gaddis v. Smith, 417 S.W.2d 577, 580 (Tex. 1967).

8. See Morrison v. Chan, 699 S.W.2d 205, 208 (Tex.1985); LaGesse v. PrimaCare Inc., 899 S.W.2d 43, 45 (Tex.App.—Eastland 1995, writ filed).

9. See Morrison, 699 S.W.2d at 208.

10. Rowntree, 833 S.W.2d at 104.

11. Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex.1987); see Gomez v. Carreras, 904 S.W.2d

750, 753 (Tex.App.—Corpus Christi 1995, no writ).

12. See Kimball, 741 S.W.2d at 372.

13. See Adkins v. Tafel, 871 S.W.2d 289, 292 (Tex. App.—Fort Worth 1994, no writ).

14. Morrison, 699 S.W.2d at 207.

15. Tex. Const. Art. I, § 13.

16. See Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 355 (Tex.1990).

and absurd" to demand that they file their claims against North Hills and Dr. Rogers within two years of the misdiagnosis:

> [T]o state that Appellants should have filed their lawsuit within two years of the December 26, 1986 motor vehicle accident would charge the Appellants with medical expertise and even better medical knowledge than the numerous doctors, physicians or health care personal she saw between December 1986 and April 1993.

The Fiores argue and the open courts provision acknowledges that the very nature of some medical malpractice cases may make it inherently impossible for an injured plaintiff to discover his injury within two years of the actual act of malpractice.[17]

 The Texas Supreme Court has held that the open courts provision guarantees that "the right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." [18] More specifically, the Court has further held that the statute's application violates the open courts provision when it bars a common-law cause of action before the litigant has a reasonable opportunity to discover the wrong and bring suit.[19] Importantly, the provision does not toll the statute of limitations until the injured party discovers her cause of action.[20] Instead, it merely requires that the litigant have a reasonable time to discover the cause of action and bring suit before the two-year statute bars the claim.[21] And if an injured person discovers his or her injury while there is still a reasonable time to sue within the statutory period, the statute of

limitations is not unconstitutional as applied to that individual.[22] Conversely, the statute is rendered unconstitutional if it cuts off a cause of action before the action is known to exist or before suit can be brought.[23]

 Under the standard principles of statutory construction, this court must construe the statute to render it constitutional, if possible.[24] It is presumed that the legislature has not acted arbitrarily or unreasonably.[25] Therefore, where reasonable minds may differ, a difference of opinion does not provide a sufficient basis to strike down the statute's application as arbitrary or unreasonable.[26]

In this case, we never reach the question of whether the Fiores had a reasonable opportunity to discover the wrong and bring suit before the statute barred the claim. North Hills and Dr. Rogers urge that they are entitled to summary judgment even if the Fiores are correct in their assertion that did not have a reasonable opportunity to bring suit during the statutory period because the Fiores as a matter of law did not bring their lawsuit within a reasonable time after they learned of the misdiagnosis and, therefore, are not entitled to relief from the open courts provision. We agree.

 The Fiores contend that they did not discover Yvonne's injury until the fracture was finally properly diagnosed in April of 1993. The Fiores did not sue North Hills and Dr. Rogers until May of 1994. Although the Supreme Court has not directly answered the question of when a plaintiff must file suit after discovering the wrong outside the limitations period under the open courts

---

**17.** *See Desiga v. Scheffey,* 874 S.W.2d 244, 247 (Tex.App.—Houston [14th Dist] 1994, no writ).

**18.** *Weiner v. Wasson,* 900 S.W.2d 316, 318 (Tex. 1995) (quoting *Sax v. Votteler,* 648 S.W.2d 661, 665–66 (Tex.1983)).

**19.** *See Neagle v. Nelson,* 685 S.W.2d 11 (Tex. 1985); *Nelson v. Krusen,* 678 S.W.2d 918 (Tex. 1984).

**20.** *Morrison,* 699 S.W.2d at 208; *Work v. Duval,* 809 S.W.2d 351, 354 (Tex.App.—Houston [14th Dist.] 1991, no writ).

**21.** *Morrison,* 699 S.W.2d at 207; *Work,* 809 S.W.2d at 354.

**22.** *Morrison,* 699 S.W.2d at 207; *Adkins,* 871 S.W.2d at 292.

**23.** *See Krusen,* 678 S.W.2d at 923.

**24.** *Weiner,* 900 S.W.2d at 330.

**25.** *Id.*

**26.** *Sax,* 648 S.W.2d at 666.

provision,[27] the courts that have addressed the issue have concluded that a plaintiff is entitled to a "reasonable time" for investigating, preparing, and filing a suit following the discovery.[28] In failing to tack on a full two-year limitations period following the discovery of the misdiagnosis or mistreatment outside the limitations period, the Eastland Court of Appeals noted the clear intent of the legislature in drafting the Act to abolish the discovery rule and require that health care liability claims be timely filed.[29] In the case before us, the Fiores failed to sue for more than a year after learning of the misdiagnosis. The Fiores offer no explanation for this delay in filing suit. We hold that, as a matter of law, the Fiores did not file their suit against North Hills and Dr. Rogers within a reasonable time after discovering Yvonne's injury.[30] Therefore, the open courts provision does not save the Fiores' lawsuit from the statute of limitations and we affirm the trial court's summary judgment.

---

**27.** On November 16, 1995, the Supreme Court granted a writ of error on this issue in *Burgess v. Jennings*, 903 S.W.2d 388 (Tex.App.—Dallas 1995, writ granted). In *Burgess*, the Dallas Court of Appeals ruled that the issue was not before them because it was not a ground for summary judgment. *Id.* at 394. Also, in *LaGesse* a writ of error was filed with the Supreme Court on September 1, 1995 and is still pending. *LaGesse*, 899 S.W.2d 43.

**28.** *Neagle*, 685 S.W.2d at 14 (Kilgarlin, J., concurring); *LaGesse*, 899 S.W.2d at 47.

**29.** *See LaGesse*, 899 S.W.2d at 47.

**30.** *See id.* (holding a one year delay in filing after discovery unreasonable as a matter of law); *Work*, 809 S.W.2d at 354 (holding that "regardless of whether Ms. Work was required to file her action in the four months prior to the expiration of the limitations period, she was not entitled to wait more than twenty-one months after discovering her cause of action before filing suit").