NUMBER 13-00-276-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


EFRAIN MEDINA AND AEROPAJITA VILLARREAL MEDINA, INDIVIDUALLY

AND AS REPRESENTATIVES OF EFRAIN MEDINA, JR., A MINOR, AND OF

UNKNOWN NEW BORN BABY BOY , Appellants,


v.



RICHARD PRUISKMA, M.D., AND JOSEPH JERRY BEHAL, M.D., Appellees.

___________________________________________________________________


On appeal from the 332nd District Court

of Hidalgo County, Texas.

__________________________________________________________________

O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Castillo



Appellants Efrain Medina and Aeropajita Villarreal Medina ("Medinas"), individually and as representatives for their minor
child(ren), appeal from a summary judgment issued against them and in favor of Drs. Richard Pruiksma and Joseph Behal
("Doctors"). The Medinas sued the Doctors for alleged negligence and medical malpractice occurring on March 27, 1993.
Specifically, the Medinas claim that Aeropajita gave birth to twins that day, but the defendants failed to deliver one of the
baby boys. The Doctors deny that a second birth occurred and claim that the reference to a second baby in a hospital report
was merely a dictation error. In two points of error, the Medinas challenge the summary judgment based on the failure of
the Doctors to (1) negate an essential element of the plaintiffs' claims as a matter of law; and (2) conclusively establish all
the essential elements of an affirmative defense as a matter of law. We affirm. 

Factual Summary

On March 27, 1993, Aeropajita Villarreal gave birth to a baby boy, Efrain Medina, Jr. The treating surgeon-physicians
were Dr. Pruiksma and Dr. Behal. The birth was by cesarean section and went smoothly. 

There was a discrepancy between the prenatal reports and the post-birth operative report, however. The operative report,
made two days after the procedure and signed by both doctors, indicates that two baby boys were delivered - one weighing
936 grams and the other weighing 4 pounds, 14 ounces. Different apgar scores were given for each child. That report was
contrary to the ultrasound taken the day of delivery, which showed only one baby in the womb. Likewise, prenatal records
showed only one fetal heart tone present on December 9, 1992, and again on January 13, 1993. In his affidavit attached to
his motion for summary judgment, Dr. Behal states that the operative report was erroneous, due to a "dictation error." 

At some point, the Medinas learned that the operative report contained a reference to the delivery of two babies, instead of
one. The Doctors claim that this discovery came early in 1997. As evidence, they produced a February 3, 1997 report in
which Aeropajita told a Hidalgo County health care worker that she believed that she had actually delivered twins, but was
given only one baby. It is uncertain whether Aeropajita had knowledge of the post-birth operative report at that time or
was basing her statement on other evidence or mere conjecture. Appellants claim that they did not learn of the operative
report until "on or about May 30, 1998," but they offer no evidence that points to that date as the date of discovery. 

The Medinas filed suit on March 8, 1999 against the doctors present during the birth (including Pruiksma and Behal),
McAllen Medical Center, and "unknown nurses." All the defendants except Pruiksma and Behal were subsequently
non-suited. The suit alleged medical negligence on the part of the defendants, though the claim seems to be that the
defendants committed intentional acts in concealing and removing the plaintiffs' second baby boy from the delivery room,
effectively kidnapping him. Appellees, as the only two remaining defendants, moved for traditional summary judgment on
two bases: (1) under the Medical Liability and Insurance Improvement Act, the suit was time-barred; and (2) the defendants
conclusively negated an essential element of the claim. The trial court granted summary judgment, and this appeal ensued.

Standard of Review

The Doctors moved for summary judgment under Texas Rule of Civil Procedure 166a(c) (traditional summary judgment)
based upon two grounds: (1) their affirmative defense of statute of limitations, and (2) their negation of two essential
elements of the plaintiff's cause of action, namely breach of duty and causation. The trial court in its order did not specify
upon which ground it was granting summary judgment. If a summary judgment order issued by the trial court does not
specify the ground or grounds relied upon for that ruling, it will be upheld if any of the grounds in the summary judgment
motion can be sustained. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); Weakly v. East, 900 S.W.2d
755, 758 (Tex. App.-Corpus Christi 1995, writ denied).

Under a traditional summary judgment under Texas Rule of Civil Procedure 166a(c), the movant has the burden of showing
that there is no genuine issue of material fact and is entitled to judgment as a matter of law. American Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true. Id. Every reasonable inference must be
indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. Id. Evidence favoring the
movant's position will not be considered unless it is uncontradicted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1972). A defendant's motion for summary judgment must disprove at least one
essential element of each of the plaintiff's causes of action, or establish all the elements of an affirmative defense as a
matter of law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 

Dr. Pruiksma's Affidavit as Competent Summary Judgment Evidence

The Medinas claim that the affidavit offered by the Doctors fails to constitute competent summary judgment proof because
it was the affidavit of a party to the case. This claim is incorrect. Summary judgment "may be based on uncontroverted
testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free
from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). 

The Medinas dispute the fact that the affidavit offered by Dr. Pruiksma was clear, positive, direct, credible, free from
contradictions, and readily controvertible. The only argument presented to demonstrate the lack of these characteristics,
however, is that the affidavit was made by one of the parties to the case. It is clear that an interested party may present an
affidavit in his own behalf, and that affidavit may constitute competent summary judgment evidence. Lopez v. Carrillo,
940 S.W.2d 232, 235-36 (Tex. App.--San Antonio 1997, no pet.). 

The affidavit at issue was clear, positive and direct in stating that the post-operative report was incorrect. Though it
contained statements that contradicted the post-operative report, it was not internally inconsistent. Further, it was, and is,
readily controvertible. Because the fact that the affidavit was offered by an interested party is not fatal to its admissibility,
we do not find that it was error for the trial court to consider that affidavit as competent summary judgment evidence.

The Affirmative Defense of Statute of Limitations

In their second point of error, the Medinas claim that the trial judge erred in issuing summary judgment against them on the
basis of the statute of limitations. 

Section 10.01 of the Medical Liability and Improvement Act provides that: 

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years
from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the
claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall
have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this
subchapter applies to all persons regardless of minority or other legal disability. 

 Tex. Rev. Civ. Stat. Ann. art. 4590i §10.01 (Vernon Supp. 2001). 

The present suit was filed nearly six years after the alleged occurrence of the acts giving rise to the claim occurred. Further,
the discovery rule, which tolls the beginning of the statute of limitations in tort cases until the plaintiff has learned or
should have learned of the incident that gave rise to his claim, does not apply under article 4590i. Jennings v. Burgess, 917
S.W.2d 790, 794 (Tex. 1995). The legislative intent behind article 4590i was to abolish the discovery rule in cases
governed by that statute. Morrison v. Chan, 699 S.W.2d 205, 208 (Tex. 1985). Therefore, the suit would appear to be
time-barred based on the two year statute of limitations. 

However, article 4590i may not operate as a complete bar to a claim that is otherwise assertable under common law. An
open-courts challenge may be successfully established upon a showing that (1) the litigant has a cognizable common-law
cause of action, and (2) the restriction of the claim is unreasonable or arbitrary when balanced against the statute's purpose.
Diaz v. Westphal, 941 S.W.2d 96, 100 (Tex. 1997). In a circumstance in which the claimant did not have a "reasonable
opportunity to discover the wrong" within two years, application of section 10.01 of article 4590i would violate the open
courts provision of the Texas Constitution and thus a cause of action based in common law is held not barred by the
two-year statute of limitations contained in the article. Neagle v. Nelson, 685 S.W.2d 11, 12 (Tex. 1985); Tsai v. Wells,
725 S.W.2d 271, 273 (Tex. App.--Corpus Christi 1986, no writ). 

Analysis under the open courts doctrine does not end there, however. Under that doctrine, where the plaintiff is unable to
discover the breach and file his suit within the two-year statute of limitations, the plaintiff is allowed a "reasonable time" to
file suit thereafter. Fiore v. HCA Health Servs. of Tex., Inc., 915 S.W.2d 233, 237 (Tex. App.--Fort Worth 1996, writ
denied). A "reasonable time" has been defined to include no more than one year from the date of discovery, as a matter of
law. Id. 

Here, the uncontroverted summary judgment proof is that the action was filed more than two years after the discovery of
the cause of action. The Doctors presented competent summary judgment evidence demonstrating that the appellants
believed as early as February 3, 1997 that Mrs. Medina had given birth to twins in 1993. Such a statement indicates that
they either knew of the allegedly wrongful conduct, or at the very least had a reasonable opportunity to discover the wrong
by inquiry into the hospital records. The Medinas' claim in response to the motion for summary judgment that they did not
discover the purported wrongful conduct until May, 1998 was not supported by summary judgment evidence of any sort.
Therefore, the February 3, 1997 date was uncontroverted by competent summary judgment evidence, and the suit was not
filed within a reasonable time under the open courts doctrine. We do not reach, and do not need to reach, the issue of
whether the nine months between May 1998 and March 1999 would have been a reasonable time to file suit under the open
courts doctrine.



Claims Brought on Behalf of Efrain Medina, Jr. and "Unknown Baby Boy"

Under The Medical Liability and Insurance Improvement Act, section 10.01, a minor plaintiff twelve years old or younger
is not restricted to the general two-year statute of limitations. Tex. Rev. Civ. Stat. Ann. art. 4590i §10.01 (Vernon Supp.
2001). Rather, in such circumstances a minor has until age fourteen to file suit. Id. Therefore, this statute does not bar the
suit brought by the appellants on behalf of their son, Efrain Medina, Jr., who was not yet six at the time suit was filed. 

However, there is no cognizable common law or statutory claim that could have been brought on behalf of Efrain, Jr.
Siblings are not entitled to loss of consortium damages. Ford Motor Co. v. Miles, 967 S.W.2d 377, 383 (Tex. 1998). Nor
are siblings entitled to bring suit for wrongful death. Tex. Civ. Prac. & Rem. Code Ann. §71.004 (Vernon 1998). The
Medinas failed to allege any alternative cause of action entitling their son to recovery. Therefore, the trial court was correct
in granting summary judgment as it concerned Efrain, Jr. 

The Medinas also sued on behalf of "unknown new born baby boy." However, they failed to plead or offer any proof of
damages specific to that unknown child. Indeed, neither party even addresses the claims of the alleged unknown child in
their briefs to this Court. See Tex. R. App. P. 38.1(h) (describing the requirements for an appellant's brief). Further, the
Medinas have failed to offer competent summary judgment evidence that an unknown child exists, apart from the
uncontrovertedly erroneous hospital report. We know of no authority allowing for a claim to be brought on behalf of an
unknown, unnamed person, absent a demonstration that such a person in fact exists. Accordingly, we cannot say that the
trial court abused its discretion in dismissing appellants' claims on behalf of an unknown child. Breach of Duty &
Causation

By their first point of error, the Medinas appeal from the summary judgment granted in favor of the Doctors based on the
Doctors' failure to conclusively negate an essential element of the claim. In order to recover for medical malpractice, the
plaintiff must prove (1) the duty of the doctor to act according to a certain standard of care; (2) a breach of that duty; (3)
injury or harm to the plaintiff; and (4) a causal link between the breach and the injury. Klug v. Ramirez, 830 S.W.2d 801,
804 (Tex. App.-Corpus Christi 1992, no writ). The Doctors argued in their motion for summary judgment that they had
presented sufficient evidence to negate two of the essential elements of the claim: breach of duty and causation. In light of
our disposition of this case on the issue of the affirmative defense of limitations, we do not reach this point of error. 
SeeTex. R. App. P. 44.1. 

Conclusion

The trial court properly granted summary judgment against appellants Aeropajita and Efrain Medina on the basis of the
Doctors' affirmative defense of limitations. The trial court further properly granted summary judgments against Efrain, Jr.,
who does not have a viable cause of action for the alleged acts of the Doctors, and against "unknown baby boy," where the
Medinas have failed to provide competent summary judgment evidence demonstrating his existence. Therefore, we affirm
the judgment of the trial court.



ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.