Ilham KHATIB and Farouk
Khatib, Appellant,

v.

Tehmina HUSAIN, M.D., Asif Husain,
M.D., Miguel R. Alday, M.D. and Consul-
tants in Radiology, P.A., Appellees.

No. 2–96–302–CV.

Court of Appeals of Texas,
Fort Worth.

July 17, 1997.

Rehearing Overruled Aug. 21, 1997.

Mike Felber, Fort Worth, for Appellant.

J.M. Lee, Jonathan Nelson, Jerry L. Betsill, Watson, Caraway, Harrington, Nelson, Midkiff & Luningham, L.L.P., Fort Worth, for Appellees.

Before LIVINGSTON, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Ilham Khatib and her husband, Farouk Khatib, appeal from final summary judgments granted to health care providers the Khatibs sued for medical malpractice in diagnosing and treating Mrs. Khatib's breast cancer. The appellees are medical doctors Tehmina Husain, Asif Husain, and Miguel R. Alday, and a professional association known as Consultants in Radiology, P.A. The appellees' motions for summary judgments assert that the suit is barred by the statute of limitations provided in the Medical Liability and Insurance Improvement Act (MLIIA), TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Pamph.1997). The motions also assert that because the summary judgment evidence establishes as a matter of law that the Khatibs unreasonably delayed filing suit after discovering Ilham Khatib's cancer, the Khatibs are not entitled to the protection of the "open courts" provision of the Texas Constitution. See TEX. CONST. art. I, § 13. We affirm the summary judgments granted to Asif Husain, Miguel R. Alday, and Consultants in Radiology, P.A. We reverse the summary judgment granted to Tehmina Husain and remand the cause to the trial court for further proceedings on the Khatibs' claim against her only.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. See TEX.R. CIV. P. 166a(c); Cate v. Dover Corp., 790 S.W.2d 559, 562 (Tex.1990); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant. See Acker v. Texas Water Comm'n, 790 S.W.2d 299, 301–302 (Tex.1990). All doubts about the existence of a genuine issue of a material fact are resolved against the movant. See Cate, 790 S.W.2d at 562; Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. See Great Am., 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. See Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex.1995); Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors a movant's position will not be considered unless it is uncontroverted. See Great Am., 391 S.W.2d at 47. If the uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive, direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. See TEX.R. CIV. P. 166a(c).

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.1995); Rosas v. Buddies Food Store, 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim, or must plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. See Muckelroy v. Richardson I.S.D., 884 S.W.2d 825, 828 (Tex. App.—Dallas 1994, writ denied).

To entitle the appellees to the summary judgments granted them in this case, the summary judgment evidence must conclusively establish that the statute of limitations barred this lawsuit. *See Rowntree v. Hunsucker,* 833 S.W.2d 103, 104 (Tex.1992). Once that evidence was established at the trial court, the burden shifted to the Khatibs to sustain their argument that article I, section 13, of the Texas Constitution, known as the "open courts" provision, renders the statute of limitations unconstitutional as applied to their lawsuit. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985); *Fiore v. HCA Health Servs. of Tex., Inc.,* 915 S.W.2d 233, 236–37 (Tex.App.—Fort Worth 1996, writ denied); *LaGesse v. PrimaCare, Inc.,* 899 S.W.2d 43, 47 (Tex.App.—Eastland 1995, writ denied).

### Chronology

The summary judgment evidence establishes that there is no dispute about the dates and events pertinent to the Khatibs' claims of malpractice by the medical doctors and the radiology association:

- *December 5, 1989:* Dr. Tehmina Husain examined Ilham Khatib for complaints of "thickness" in her left breast and ordered a mammogram;
- *January 19, 1990:* Dr. Miguel R. Alday performed the mammogram at Consultants in Radiology, P.A.;
- *January 25, 1990:* Dr. Tehmina Husain discussed the mammogram findings with Ilham Khatib, told her that she did not have cancer but had fibrocystic disease, and referred her to Dr. Asif Husain, a surgeon who is the husband of Dr. Tehmina Husain;
- *February 26, 1990:* Dr. Asif Husain examined Ilham Khatib and told her she did not have breast cancer, but had fibrocystic disease;
- *September 26, 1991:* Dr. Tehmina Husain examined Ilham Khatib's breast during the patient's consultation about a urinary problem;
- *August 25, 1992:* Dr. Tehmina Husain examined Ilham Khatib's breasts and ordered a mammogram;
- *September 3, 1992:* Dr. Timothy P. Oltersdorf performed the mammogram at Consultants in Radiology, P.A.;
- *September 4, 1992:* Dr. Asif Husain and Dr. Tehmina Husain reviewed the mammogram findings with Ilham Khatib's daughter;
- *September 8, 1992:* Dr. Asif Husain informed Ilham Khatib that she has breast cancer, and he recommends that she have surgery for it;
- *September 15, 1992:* Dr. Inayat I. Lalani examined Ilham Khatib and the mammogram and confirmed that cancer exists and told Ilham Khatib that biopsies should have been done in 1990, following the mammogram by Dr. Alday;
- *May 23, 1993:* Ilham and Farouk Khatib hired an attorney, Herb Farr, to represent them in a claim against Dr. Tehmina Husain and Dr. Asif Husain;
- *May 26, 1993:* Mr. Farr mailed notice letters to the appellees in accordance with the provisions of art. 4590i, § 4.01(a), Tex.Rev.Civ. Stat. Ann. (Vernon Pamph.1997);
- *May 27, 1993* to *November 14, 1994:* Mr. Farr reviewed determining whether the Khatibs had a viable cause of action for medical malpractice;
- *November 15, 1994:* Mr. Farr filed the Khatibs' suit against the four appellees.

On June 13, 1996, the trial court granted summary judgment for Dr. Tehmina Husain and Dr. Asif Husain. On July 3, 1996, the trial court granted summary judgment for Dr. Miguel R. Alday and Consultants in Radiology, P.A.

### I. The Statute of Limitations

Point of error one asserts that because the Khatibs filed suit within two years from the date the complained-of medical treatment was completed, the trial court erred by granting the summary judgments on grounds that the suit is time-barred by limitations. The point of error's premise is that September 8, 1992, the day on which Mrs. Khatib was correctly diagnosed with cancer, is the date her course of treatment by the appellees was *completed.* The Khatibs argue that Mrs. Khatib was a victim of medical malpractice

during a negligent *course of treatment* that did not end until September 8, 1992 and therefore the limitations period did not *start* until that date.

■■■ The applicable statute of limitations includes these words:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed ...

TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01. Accordingly, the two-year period starts on one of three dates: (1) when the breach or tort occurs; or (2) on the date the health care treatment complained of is completed; or (3) on the date the hospitalization complained of is completed. *See Rowntree,* 833 S.W.2d at 104; *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987); *Fiore,* 915 S.W.2d at 236. Because the facts of a case must determine the starting date on which a limitations period begins under section 10.01, the three alternatives are not simply left to a plaintiff's preference. *See Bala v. Maxwell,* 909 S.W.2d 889, 891 (Tex.1995); *Kimball,* 741 S.W.2d at 371. Therefore, when the injury results from a negligent course of treatment, the limitations period begins on the last date of treatment. *Kimball,* 741 S.W.2d at 371. But if the precise date of the breach or tort is ascertainable, the limitations period begins on that date. *Id.*

### A. Dr. Tehmina Husain

■ The summary judgment evidence establishes that Dr. Tehmina Husain treated Mrs. Khatib on five dates during a period of approximately two years. The first date, December 5, 1989, was when Mrs. Khatib complained of a lump in her left breast. Dr. Tehmina Husain arranged for Mrs. Khatib to undergo a mammogram that was performed January 19, 1990. On January 25, 1990, Dr. Tehmina Husain discussed the mammogram results with Mrs. Khatib and diagnosed the lump as fibrocystic disease, not cancer, but referred Mrs. Khatib to Dr. Asif Husain for further examination. There

was no diagnosis of cancer after Dr. Asif Husain's examination. Dr. Tehmina Husain's next examination of Mrs. Khatib's breast was on September 26, 1991, but there was no diagnosis or treatment of cancer at that time. On August 25, 1992, Dr. Tehmina Husain performed another breast examination on Mrs. Khatib and ordered a new mammogram. The mammogram was done, and on September 8, 1992, Mrs. Khatib was diagnosed as having breast cancer. On September 15, 1992, Dr. Lalani confirmed that diagnosis and advised Mrs. Khatib that because of the results of her 1990 mammogram, biopsies should have been done in 1990, following that mammogram.

■■ The answer to whether a patient is receiving a course of treatment depends on the facts of a case. *See Rowntree,* 833 S.W.2d at 106. Here, Dr. Tehmina Husain and Mrs. Khatib had established a physician-patient relationship with respect to breast examinations and Mrs. Khatib's health condition that is the subject of this lawsuit. It is apparent from the summary judgment evidence that the injury Mrs. Khatib alleges in this suit occurred during an ongoing course of consultation with and treatment by Dr. Tehmina Husain concerning a lump in Mrs. Khatib's left breast. The dates of the course of treatment were from December 5, 1989 through September 8, 1992. Whether Mrs. Khatib's treatment "continued" during that period of time is, for purposes of the limitations provided in section 10.01, a question of law that is appropriately decided on a motion for summary judgment. *See Chambers v. Conaway,* 883 S.W.2d 156, 159 (Tex.1993). When a patient's injury from the alleged negligent mis-diagnosis or mistreatment occurs during a course of treatment for a particular condition, the only readily ascertainable date is the last day of the course of treatment. *See Bala,* 909 S.W.2d at 891; *Chambers,* 883 S.W.2d at 159; *Rowntree,* 833 S.W.2d at 105; *Kimball,* 741 S.W.2d at 372.

September 8, 1992, the final day of Dr. Tehmina Husain's course of treatment, is the date the two-year limitations period began for the Khatibs' claim against Dr. Tehmina Husain. The two years would have expired September 8, 1994 except that the Khatibs'

attorney extended the two year period for an additional 75 days, until November 22, 1994, by sending the appellees written notice of the Khatibs' health care liability claim within the two-year period. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(a),(c); *De Checa v. Diagnostic Center Hosp., Inc.*, 852 S.W.2d 935, 937–38 (Tex.1993). Because the suit was filed on November 15, 1994, it was not time-barred against Dr. Tehmina Husain.

We sustain point of error one only insofar as it relates to the Khatibs' claim against Dr. Tehmina Husain and therefore we need not reach any other points with regard to her.

### B. Dr. Asif Husain

■ The summary judgment evidence establishes that Dr. Asif Husain only examined Mrs. Khatib on February 26, 1990. On that date, he diagnosed her illness as fibrocystic disease, not cancer. His only contact with Mrs. Khatib after that was on September 8, 1992, the day Dr. Asif Husain looked at her mammogram and advised her that she had cancer. Therefore, Dr. Asif Husain's last opportunity to *wrongly or negligently* fail to recognize that the patient had cancer was in 1990, more than four years before the Khatibs filed suit against him. Although a physician may be negligent in failing to diagnose, treat, or order additional tests of a patient's condition at a one-time encounter, that does not constitute a failure by the physician to establish a course of treatment for the condition. *See Bala*, 909 S.W.2d at 892; *Chambers*, 883 S.W.2d at 159. The summary judgment evidence makes clear that there was no course of treatment of Mrs. Khatib by Dr. Asif Husain.

■ Because Dr. Asif Husain only examined Mrs. Khatib once, the date of that single examination is readily ascertainable as the precise date of that physician's alleged breach or tort, and the two-year limitations period started on that date (February 26, 1990). *See Bala*, 909 S.W.2d at 892. Because four years and nine months elapsed between the single examination date, February 26, 1990, and the suit-filing on November 15, 1994, the Khatibs' suit against Dr. Asif Husain was timebarred by the limitations of section 10.01. And it was barred *before* the

Khatib's attorney sent the 75–day tolling notice. When a section 4.01 notice is sent to any health care provider within two years of a claim's accrual, the limitations period for all defendants is tolled for 75 days. *See De Checa*, 852 S.W.2d at 937–38. The notice, however, cannot toll a limitations period that has already·expired. *Id.* at 938. We over-rule point of error one only insofar as it relates to the Khatibs' claim against Dr. Asif Husain.

### C. Dr. Michael R. Alday

■ The summary judgment evidence establishes that Dr. Alday only consulted once with Mrs. Khatib and that was when he performed the mammogram on January 19, 1990 and furnished a radiology report for her. There is no summary judgment evidence that the performance of those services by Dr. Alday detected cancer in Mrs. Khatib. Therefore, the one and only opportunity for Dr. Alday to *wrongly or negligently* fail to recognize that the patient had cancer was on January 19, 1990, approximately four years and ten months before the Khatibs filed suit against him. *See Bala*, 909 S.W.2d at 891–92. That one-time encounter between Mrs. Khatib and Dr. Alday does not constitute a failure by the doctor to establish a course of treatment, and there clearly was no course of treatment of Mrs. Khatib by Dr. Alday. *See id.; Chambers*, 883 S.W.2d at 159.

Because Dr. Alday performed health services for Mrs. Khatib only once (January 19, 1990), the date of that single event is readily ascertainable as the precise date of that physician's alleged breach or tort, and the two-year limitations period started on that date. *See Bala*, 909 S.W.2d at 891–92. Four years and ten months later, when suit was filed against Dr. Alday, it was time-barred as to him by the limitations of section 10.01. And it was barred *before* the Khatib's attorney sent the 75–day tolling notice. *See De Checa*, 852 S.W.2d at 938. We overrule point of error one only insofar as it relates to the Khatibs' claim against Dr. Alday.

### D. Consultants in Radiology, P.A.

■ The only dealings Mrs. Khatib had with persons affiliated with the professional

association were on January 19, 1990, when Dr. Alday performed a mammogram, and on September 3, 1992, when Dr. Oltersdorf, who is not a party to this suit, performed a mammogram. The Khatibs have not claimed that Dr. Oltersdorf's services were negligent or constituted medical malpractice. Clearly, there was no course of treatment established between Mrs. Khatib and the professional association. Therefore, the one and only opportunity for personnel affiliated with Consultants in Radiology, P.A. to *wrongly or negligently* fail to recognize that Mrs. Khatib had cancer was in January 1990, more than four years before the entity was sued by the Khatibs. *See Bala,* 909 S.W.2d at 891–92. The limitations period started January 19, 1990. *See id.* When the suit was filed on November 15, 1994, it was already time–barred as to the professional association by the limitations of section 10.01. And it was barred *before* the Khatibs' attorney sent the 75–day tolling notice. *See De Checa,* 852 S.W.2d at 938. We overrule point of error number one only insofar as it relates to the Khatibs' claim against Consultants in Radiology, P.A.

## II. Reasonable Opportunity to Discover Injury

Point of error four asserts that a genuine issue of material fact exists as to whether the Khatibs had a reasonable opportunity to discover the alleged wrong and to sue before the limitations period expired. The contention in point of error five is that although the Khatibs did not have a reasonable opportunity to discover the alleged wrong, they did sue within a reasonable time after they made the discovery. Under point of error five, the Khatibs argue that September 15, 1992, a week *after* Mrs. Khatib's cancer surgery, is the *earliest* date on which the Khatibs could have discovered the medical malpractice. However, the Khatibs conceded, under point of error one, that Mrs. Khatib learned of her cancer diagnosis on September 8, 1992.

■ The Khatibs maintain that the appellees were negligent during their alleged opportunities to diagnose Mrs. Khatib's cancer before September 1992 and therefore her continuing breast cancer evaluations by the appellees extended their alleged torts, for limitations purposes, until the cancer was discovered. The premise of that argument, however, has already been rejected by the Texas Supreme Court. *See Bala,* 909 S.W.2d at 892; *Rowntree,* 833 S.W.2d at 108. The two-year limitations period runs regardless of the date the injured patient discovered or should have discovered the injury. *See Morrison,* 699 S.W.2d at 208. The Legislature's enactment of section 10.01 abolished the former "discovery rule" that tolled the start of a limitations period until the injured patient discovered or reasonably should have discovered the injury. *See* MLIIA, Tex.Rev.Civ. Stat. Ann. art. 4590i, § 10.01. We overrule points of error four and five.

## III. The Constitutional Challenge

■ Point of error two asserts that article 4590i, as applied to the Khatibs in this case, violates the "open courts" provision of the Texas Constitution, which states in part:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

*See* Tex. Const. art. I, § 13. Enacting a statute that makes a plaintiff's otherwise lawful remedy contingent upon some impossible condition exceeds the Legislature's power. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990) (a case dealing with a wrongful death action and limitations under Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon 1986 & Supp.1997)). And an attempt to use such a statute for the purpose of blocking a plaintiff's otherwise lawful remedy violates the "open courts" provision of the constitution. *See id.*

■ In order to show that applying the limitations provision of article 4590i, section 10.01 in this case violates the "open courts" provision of the constitution, the Khatibs must show that (1) their cause of action is a well-recognized common law theory; and (2) the statute's time-bar is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *See id.* The Khatibs have satisfied the first requirement, because a suit for medical malpractice is a' well-established common law cause of

action. *See id.* at 357. In order for us to determine whether the Khatibs have satisfied the second requirement, we must recognize that the "purpose" of all limitation statutes is to compel a plaintiff to exercise a right of action within a reasonable time so the opposing party will have a fair opportunity to defend while witnesses are available. *See id.* at 352. Similarly, the statute's "basis" is the amount of time the Legislature has prescribed in the statute as reasonable for a plaintiff to present the type of claim the statute describes, balanced with protection of defendants and courts from having to deal with cases in which an unreasonable delay may result in a loss of evidence, memory, or disappearance of witnesses that seriously impairs the search for truth. *See id.*

█ In medical malpractice cases, the Texas Supreme Court has imposed a judicially conceived exception, known as "the discovery rule," to statutes of limitation. *See id.* at 353. The discovery rule, if applicable, tolls the running of a period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable diligence should discover, the nature of the injury. *See id.* at 351. And the Supreme Court has applied the discovery rule to medical malpractice cases in which the plaintiff did not, and could not, know of the injury at the time it occurred. *See id.; see also, e.g., Hays v. Hall,* 488 S.W.2d 412, 414 (Tex.1972); *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967). Significantly, however, if an injured person discovers the injury while there is still a reasonable time to sue within the two-year limitations period of article 4590i, section 10.01, then the statute of limitations is *not* unconstitutional as applied to that individual. *See Morrison,* 699 S.W.2d at 207; *Fiore,* 915 S.W.2d at 237.

█ Mrs. Khatib's breast cancer was first diagnosed on September 8, 1992. The Khatibs contend that they should have had a reasonable time after discovering Mrs. Khatib's cancer in which to investigate, prepare, and file a suit. *See Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex.1989) (op. on reh'g); *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985); *LaGesse,* 899 S.W.2d at 47. After a party's health has been medically diagnosed, the par-

ty is entitled to a reasonable time in which to sue for malpractice. *See Neagle,* 685 S.W.2d at 12. But a party is deemed to have knowledge of his or her "cause of action" upon gaining knowledge of facts, conditions, or circumstances which would cause a reasonably prudent person to make an inquiry that would lead to the discovery of a concealed cause of action. *See Borderlon v. Peck,* 661 S.W.2d 907, 909 (Tex.1983). Our determination of what was a "reasonable time" for the Khatibs to acquire the necessary knowledge depends on when they learned of (1) the injury; (2) its cause; and (3) the identity of the potentially culpable parties. *See Hellman,* 772 S.W.2d at 66; *LaGesse,* 899 S.W.2d at 46; *Adkins v. Tafel,* 871 S.W.2d 289, 294 (Tex.App.—Fort Worth 1994, no writ).

The summary judgment evidence includes verification by the Khatibs and their trial attorney that the Khatibs engaged the attorney on May 23, 1993 to investigate each of the appellees in relation to the medical malpractice claim now alleged in court. Yet, they delayed filing suit until November 15, 1994, more than two years and two months after Mrs. Khatib was given her cancer diagnosis.

█ Because the summary judgment evidence establishes that the two-year limitations period applicable to Dr. Asif Husain expired on February 26, 1992, nearly seven months before Mrs. Khatib's cancer diagnosis, the Khatibs' right to sue Dr. Asif Husain was cut off before Mrs. Khatib had a reasonable opportunity to discover her alleged injury. *See Neagle,* 685 S.W.2d at 12; *LaGesse,* 899 S.W.2d at 47. Because the summary judgment evidence also establishes that the limitations period applicable to Dr. Alday and Consultants in Radiology, P.A. expired even earlier, on January 19, 1992, eight months before the cancer . diagnosis, the Khatibs's right to sue Dr. Alday and the professional association was cut off before Mrs. Khatib had a reasonable opportunity to discover her alleged injury. *See Neagle,* 685 S.W.2d at 12; *LaGesse,* 899 S.W.2d at 47. Therefore, as to her claims against Dr. Asif Husain, Dr. Alday, and Consultants in Radiology, P.A., the "open courts" provision of the Texas

Constitution protects the Khatibs from the time-bar of article 4590i, section 10.01.

■ Accordingly, the issue is whether the Khatibs filed their claims against Dr. Asif Husain, Dr. Alday, and Consultants in Radiology, P.A. within a reasonable time after Mrs. Khatib received her cancer diagnosis. *See LaGesse,* 899 S.W.2d at 47. The answer is no. *See id.; see also Fiore,* 915 S.W.2d at 238. Mrs. Khatib discovered the injury on September 8, 1992, when the two-year statute of limitations *began* to run against Dr. Tehmina Husain. From that date, the Khatibs were entitled to a reasonable time for investigating, preparing, and filing a suit *within* the limitations period. *See Morrison,* 699 S.W.2d at 208. And the 75–day tolling letter extended that period only as to the claim against Dr. Tehmina Husain. The tolling letter was inapplicable to the claims against Dr. Asif Husain, Dr. Alday, and Consultants in Radiology, P.A. *See De Checa,* 852 S.W.2d at 938. The Khatibs' delay in filing suit against Dr. Asif Husain, Dr. Alday, and Consultants in Radiology, P.A. for more than two years after September 8, 1992 was unreasonable as a matter of law. *See Fiore,* 915 S.W.2d at 238; *LaGesse,* 899 S.W.2d at 47.

The summary judgment evidence establishes that the time-bar of article 4590i, section 10.01 is not unreasonable or arbitrary when balanced against the purpose and basis of that statute, and we overrule point of error two.

### IV. Art. 4590i Applies to the Professional Association

■ Point of error three asserts that article 4590i does *not* apply to professional associations and therefore the Khatibs' claim against Consultants in Radiology, P.A. is *not* time-barred by section 10.01. The Khatibs maintain that their claim against the professional association is governed by another statute of limitations that provides:

> [A] person must bring suit for ... personal *injury* ... not later than two years after the day the cause of action accrues.

*See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003. The Khatibs insist that the provisions of section 16.003 allowed them two years after discovering their cause of action during which to sue the radiology association. That argument is not persuasive.

Texas law requires statutory certification of entities that use radiology in mammography systems, such as Consultants in Radiology, P.A. *See* TEX. HEALTH & SAFETY CODE ANN. § 401.422 (Vernon Supp.1997) (within subchapter entitled Certification of Mammography Systems). An entity such as Consultants in Radiology, P.A. may not use a mammography system *after its certification* has expired, unless a timely and sufficient application for renewal of the certification has been filed and is pending a final determination. *See id.* §§ 401.422, 401.427(d). When it enacted the subchapter requiring certification of mammography systems, the Legislature made plain that a fundamental purpose of that subchapter is "to protect the public health." *See id.* §§ 401.424(b), (c), 401.430(e), (g). Because this summary judgment dispute has not created any issue about the certification of the mammography system of Consultants in Radiology, P.A. we will assume that it was certified when the mammogram was performed on Mrs. Khatib by Dr. Alday.

"Mammography" means the use of radiation to produce an image of the breast on film, paper, or digital display that may be used to detect the presence of pathological conditions of the breast. *See id.* § 401.421(2). A "mammography system" includes mammography performed by a physician who engages in, and who meets the requirements adopted by board rule relating to the reading, evaluation, and interpretation of mammograms. *See id.* § 401.421(3)(F). No issue has been raised as to whether Dr. Alday had met those requirements when he performed the mammogram, so we will assume that he had.

Neither is there a dispute that Mrs. Khatib's mammograms were performed for the purpose of diagnosing whether she had breast cancer or only a benign growth. Because there is no dispute that the mammograms performed on Mrs. Khatib at Consultants in Radiology, P.A. were performed by two medical doctors, Dr. Alday and Dr. Ol-

tersdorf, we will assume that they were licensed to practice medicine in this state and that the doctors and the professional association billed Mrs. Khatib for the services rendered. A physician who, for compensation, diagnoses any disease, disorder, or physical deformity by any system or method is "practicing medicine." *See* TEX.REV.CIV. STAT. ANN. art. 4495b, § 1.03(a)(12) (Vernon Pamph.1997).

The Legislature has authorized the formation of professional associations by persons licensed to perform the professional services for which the association is formed. *See* TEX.REV.CIV. STAT. ANN. art. 1528f (Vernon 1997). That enables licensed physicians to create and be members of a professional association through which they may perform services that are within the definition of the practice of medicine. *See id.* However, a physician's membership in a professional association gives the member no insulation from claims that a recipient of the association's professional services may assert against the physician for errors, omissions, negligence, incompetence, or malfeasance in performing those services. *See id.* § 24. And, the statute that enables the formation of a professional association also establishes that the *association's* liability for those claims is a *derivative* of any liability that may be adjudged against the association's officer or employee who furnished the services complained of. *See id.*

The Medical Liability and Insurance Improvement Act defines "health care" as

[A]ny act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's *medical care,* treatment, or confinement.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(2) (emphasis added). The 75-day tolling notice given to the appellees under section 4.01 is by law a notice of a "health care liability claim." *See id.* § 4.01(a). That type of claim is defined as:

[A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of *medical care*

or *health care* or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract.

*Id.* § 1.03(a)(4) (emphasis added).

■ Article 4590i is applicable to a specific list of professional associations. *See* art. 4590i, § 1.03(a)(3). It is also applicable to physicians. *See id.* § 1.03(a)(4), (6), (8). A licensed physician may provide medical care to a patient through a professional association, which is what Dr. Alday did on January 19, 1990 by performing the mammography for Mrs. Khatib. Article 1528f makes plain that when physicians create a professional association, the association's *singular* purpose is to allow its physician members to perform the medical or health care for which the physicians are licensed.

■ Adopting the premise of the Khatibs' third point of error would interpret article 4590i so narrowly that although a patient complaining of medical malpractice could avail the article's remedies against a physician who, outside a professional association, negligently uses a mammography system to provide the patient's medical and health care, the same patient whose physician does the identical malpractice *within* the framework of a professional association could not assert a health care liability claim under article 4590i. Not only would that result let physicians use their professional associations as a barrier against personal liability for malpractice, which article 1528f, section 24 says they may not do, but adopting a premise that excludes those associations from the scope of article 4590i whenever licensed physicians perform medical or health care with a mammography system through a professional association would be inconsistent with the Legislature's expressed purpose of improving the system for health care liability claims. *See* art. 4590i, § 1.02(b). Such an exclusion would also be inconsistent with the Legislature's expressed goal of protecting the public health through the statute that regulates the use of mammography systems. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 401.424(b), (c), 401.427(d) (Vernon Supp.1997). Accordingly, we hold that a professional association that provides patients with the medical and

health care services of a certified mammography system administered by physicians licensed by this state is subject to "health care liability claims" within the meaning and scope of article 4590i.

The limitations provision of section 16.003 of the Texas Civil Practice and Remedies Code does not govern the Khatibs' claim against Consultants in Radiology, P.A. in this case. Instead, the claim is controlled by the limitations provision of article 4590i, section 10.01. Because the Khatibs' suit against Dr. Alday was not filed for approximately four years and ten months after Dr. Alday's alleged negligence or failure to diagnose Mrs. Khatib's cancer, the claim against him is time-barred by the limitations of section 10.01. And because the professional association's liability is merely a derivative of Dr. Alday's alleged conduct, the claim against the association is time-barred by the limitations of section 10.01. We overrule point of error three.

### V. Conclusion

We have carefully considered all five of the Khatibs' points of error and have overruled all points insofar as they pertain to appellees Asif Husain, Miguel R. Alday and Consultants in Radiology, P.A. Those three appellees have conclusively established that the limitations provision of article 4590i, section 10.01 has time-barred this suit as to them. Moreover, because the Khatibs unreasonably delayed in filing suit the "open courts" provision of the Texas Constitution, article I, section 13, does not render that statute of limitations unconstitutional as applied to the causes of action asserted against those three appellees in this suit. Accordingly, the summary judgments granted to Asif Husain, Miguel R. Alday, and Consultants in Radiology, P.A. are affirmed.

Because we have sustained point of error one only insofar as it pertains to appellee Tehmina Husain, we reverse the summary judgment granted to her and remand the cause to the trial court for further proceedings on the Khatibs' claim against her only.