**DURHAM CLINIC, P.A., Appellant,**

v.

**Mittierene Jane BARRETT as Guardian of the Estate and Person of Jeffrey Dale Barrett, an Incapacitated Person, Appellee.**

No. 10–01–242–CV.

Court of Appeals of Texas, Waco.

May 7, 2003.

---

Richard A. Sheehy, Sheehy, Serpe & Ware, P.C., Houston, for Appellant.

Robert J. Talaska, The Talaska Law Firm, Houston, for Appellee.

Before Chief Justice DAVIS, Justice GRAY, and Senior Justice HILL (Sitting by Assignment).

## OPINION

JOHN G. HILL, Senior Justice (Assigned).

Durham Clinic, P.A., appeals from a judgment in favor of Mittierene Jane Barrett, as guardian of the estate and of the person of Jeffrey Dale Barrett, an incapacitated person. The judgment, in the amount of $200,000 damages plus court costs, limits recovery to proceeds from any insurance policy that provided coverage for Durham Clinic, P.A., in this case, and only to the extent of such coverage. In four issues, Durham contends that 1) Barrett's claim is barred because she did not file it within three years of Durham's dissolution; 2) the evidence is legally and factually insufficient to support the jury's finding against the doctor because Barrett stipulated that she was not seeking a recovery based on the theory of liability advanced by her expert; 3) it is entitled to a new trial because the trial court should have instructed the jury not to consider the issue of informed consent as part of its deliberations on the general negligence question; and 4) Barrett's claim against it is barred by its dissolution in bankruptcy. We reverse and render judgment that Barrett, as guardian of the person and guardian of the estate of Jeffrey Dale Barrett, an incapacitated person, take nothing because her claim is barred in that she did not file it within three years of the date of Durham's dissolution.

Durham urges in issue one that Barrett's claim is barred because she did not file it within three years of its dissolution. Barrett brought this suit for injuries suffered by her son Jeffrey during his birth, alleging negligence on the part of her obstetrician, Dr. Ramon A. Rodriguez, an employee of Durham. While the birth occurred prior to Durham's dissolution, Barrett brought this suit more than three years after the date of the dissolution.

Durham was dissolved by the Secretary of State on January 19, 1996, for failure to file an annual statement. Barrett filed her claim against Durham on February 4, 2000. An existing claim against a corporation is extinguished unless an action or proceeding on the existing claim is brought before the expiration of the three-year period following the date of dissolution. TEX.

BUS. CORP. ACT ANN. art. 7.12 § C (Vernon Supp.2003). Upon the issuance of a certificate of dissolution of a professional association by the Secretary of State, the dissolution becomes effective and the existence of the association ceases except for the purpose of suits, other proceedings, and acts necessary for the winding up of the association. TEX.REV.CIV. STAT. ANN. art. 1528f § 20 (Vernon 1997). The provisions of the Texas Business Corporation Act apply to professional associations, except that the Texas Professional Association Act, TEX.REV.CIV. STAT. ANN. art. 1528f (Vernon 1997), applies in the event of any conflict between it and the Texas Business Corporation Act. *Id.* § 25 (Vernon 1997). Inasmuch as the Business Corporation Act provides that an existing claim is extinguished unless an action on the claim is brought within three years of the date of dissolution, and there is no conflict with any provision of the Texas Professional Association Act, we hold that Barrett's claim was extinguished because it was not brought within three years of the date of dissolution.

Barrett contends that there is a conflict, inasmuch as her claim constitutes a suit necessary for the winding up of the professional association, and section 20 of the Professional Association Act provides that the existence of the association does not cease on the date of dissolution for the purposes of such suits. We do not agree that this section of the Professional Association Act continuing the existence of the association for the purpose of suits necessary for the winding up of the association conflicts with the provision of the Business Corporation Act that claims are extinguished if not filed within three years of dissolution.

Barrett contends the conflict is that article 7.12 of the Business Corporation Act limits the survival of a corporation to three years from the date of dissolution, whereas the Professional Association Act extends the survivability of a professional association until all "suits, proceedings, or other acts necessary for the winding up of the association" have concluded. It is true that article 7.12 provides that a dissolved corporation shall continue its corporate existence for a period of three years from the date of dissolution for certain purposes. TEX. BUS. CORP. ACT ANN. art. 7.12 § A (Vernon Supp.2003). However, after providing that a corporation shall not be liable for any claim other than an existing claim, the Act provides that if an action or proceeding on an existing claim by or against the dissolved corporation is brought before the expiration of the three-year period following the date of dissolution, and the existing claim has not been extinguished, that the dissolved corporation shall continue to survive (1) for purposes of an action or proceeding until all judgments, orders, and decrees therein have been fully executed, and (2) for purposes of applying or distributing any properties or assets of the dissolved corporation, as provided in certain portions of article 6.04 of the Business Corporation Act, until such properties or assets are so applied or distributed. *Id.* § C (Vernon Supp.2003).

From these provisions we see that the fact that the corporate entity is continued beyond the three-year period following dissolution until suits involving existing claims have become final is not inconsistent with certain existing claims being extinguished because they are not filed within the three-year period following dissolution. Even if Barrett is correct in her assumption that her existing claim is a suit necessary for the winding up of the association, the fact that the Professional Association Act provides that the association continues for the purpose of such suits generally is not inconsistent with a particular claim being extinguished be-

cause it was not filed within the three-year period following dissolution. Therefore, there is no conflict between this provision of the Professional Association Act and the provision in the Business Corporation Act that existing claims are extinguished if not filed within the three-year period following dissolution. That being the case, it does not matter whether Durham was still in existence for the purposes set forth in section 20 because Barrett's claim was extinguished in that it was not filed within three years of the date of Durham's dissolution.

Barrett argues that the issue of post-dissolution survival is determined by section 20 because the Professional Association Act is not silent. She insists that by virtue of section 25 of the Professional Association Act, the Business Corporation Act only fills in the gaps when the Professional Association Act is silent. However, as Barrett acknowledges in her brief, section 25 provides that the Business Corporation Act is controlling unless there is a conflict between it and the Professional Association Act. Tex.Rev.Civ. Stat. Ann. art. 1528f § 25 (Vernon 1997). As previously noted, we have found that there is no conflict between article 7.12 of the Business Corporation Act and section 20 of the Professional Association Act. The Professional Association Act is silent with respect to the extinguishment of claims. Consequently, article 7.12 of the Business Corporation Act is controlling.

Barrett contends that her interpretation that there is a conflict should control because the Professional Association Act section 24 provides that:

> Nothing in this Act shall remove or diminish any rights at law that a person receiving professional services shall have against a person furnishing professional services for errors, omissions, negligence, incompetence or malfeasance.

> The association ... shall be jointly and severally liable with the officer or employee furnishing professional services for such professional errors, omissions, negligence, incompetence or malfeasance on the part of such officer or employee when such officer or employee is in the course of his employment for the association.

Tex.Rev.Civ. Stat. Ann. art. 1528f § 24 (Vernon 1997). We agree with Durham that the intent of this section is to make sure that professionals would not be shielded from liability by forming professional associations, not to protect Barrett from the application of article 7.12 of the Business Corporation Act.

Barrett urges that we should not interpret the Acts in this manner because of a public policy, as recognized by Texas courts, of protecting an injured child's claim during his or her period of incapacity. She cites the cases of *Weiner v. Wasson*, 900 S.W.2d 316 (Tex.1995) and *Brown v. Shwarts*, 968 S.W.2d 331 (Tex.1998). These cases, in dealing with the rights of minors to bring cases, relied not on public policy of protecting an injured child's claim, but on tolling provisions of the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp.2003), and on the open courts provision of the Texas Constitution, Tex. Const. art. I, § 13. *Weiner*, 900 S.W.2d at 318; *Brown*, 968 S.W.2d at 334–35. Barrett cites no statute that would keep extinguished claims viable until some time after a minor reaches the age of majority, nor does she contend that the statutory scheme of extinguishment of all claims when not filed within three years after a corporation or association's date of dissolution, including the claims of minors, violates the open courts provision of the Texas Constitution. We sustain issue one. In view of our determination of this issue,

we need not consider Durham's remaining issues.

We reverse this cause and render judgment that Barrett, as guardian of the estate and of the person of Jeffrey Dale Barrett, an incapacitated person, take nothing, with all court costs awarded to Durham.