TEXAS MEDICAL LIABILITY
TRUST, Appellant

v.

TRANSPORTATION INSURANCE
COMPANY, Appellee.

No. 05–03–00415–CV.

Court of Appeals of Texas,
Dallas.

July 23, 2004.

Rehearing Overruled Sept. 28, 2004.

R. Brent Cooper, Diana L. Faust, Michelle E. Robberson, Cooper & Scully, P.C., Dallas, for Appellant.

Brenda Neel Hight, Kenneth J. Lambert, Fletcher & Springer, L.L.P., Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice WRIGHT.

Texas Medical Liability Trust (TMLT) appeals the judgment in a lawsuit brought by Transportation Insurance Company seeking a determination that Transportation did not owe a duty to defend nor a duty to indemnify in the underlying medical malpractice lawsuit. TMLT brings four issues asserting the trial court erred in granting Transportation's motion for summary judgment, denying its motion for summary judgment, and awarding attorney's fees to Transportation. We reverse the trial court's judgment, render judgment that Transportation take nothing, and remand this cause to the trial court on the issue of attorney's fees.

### Background

Through separate policies, TMLT insured both the Medical & Surgical Clinic of Irving, P.A. and Dr. John Wollenman, a partner of the Clinic. The insurance policies expired on September 1, 1996. The insurance policies were claims-made policies, meaning coverage was not triggered until a claim was made.

On July 2, 1996, Dr. Wollenman received a letter from Deralyn Edinbyrd and Fritz Harris, parents of Brandon Harris. Dr. Wollenman delivered Brandon on June 30, 1994. The letter notified Dr. Wollenman that they were considering a claim for injuries suffered by Brandon at the time of delivery.[1] The letter was sent directly to Dr. Wollenman. The letter made no mention of a possible claim against the Clinic. A Clinic employee faxed the letter to TMLT with the heading, "Concerning Dr. Wollenman" on July 3, 1996.

On May 28, 1999, the parents' attorney sent separate notice of claim letters to Dr. Wollenman and the Clinic. A Clinic employee forwarded to TMLT the notice of claim letter that had been sent to Dr. Wollenman. The notice of claim letter addressed to the Clinic was forwarded to Transportation, the Clinic's insurer on May 28, 1999. The parents subsequently sued Dr. Wollenman and the Clinic. TMLT provided a defense for Dr. Wollenman. Transportation provided a defense for the Clinic. Transportation eventually denied coverage to the Clinic. The par-

---

1. The body of the letter states as follows:

Dear Dr. Wollenman:

Please be advised that we are considering a claim against you concerning injuries to our son Brandon Harris on or about his date of birth, 06/30/94.

This notice is in accordance with the legal requirements of Article 4590i, Section 4.01(a) of the Texas Revised Civil Statutes which requires written notice of a health care claim at least sixty (60) days before filing suit. In further compliance with the statute, you are required by law to deliver to me, within ten (10) days of receipt of this letter, a full, complete and unaltered copy of our medical records.

We are requesting that you send copies of this letter to your attorney and professional liability insurance carrier, asking them to contact us as soon as possible.

All inquiries regarding this matter should be made directly to us. If we do not hear from you or your insurance adjuster within a reasonable amount of time, we will proceed to file suit to protect our interests.

Sincerely,

Deralyn S. Edinbyrd

Fritz Harris

ents' lawsuit settled with TMLT paying one million dollars on behalf of Dr. Wollenman and Transportation paying one million dollars on behalf of the Clinic. Transportation then sued TMLT seeking reimbursement of the settlement money it paid. Both parties moved for summary judgment. The trial court granted Transportation's motion for summary judgment and awarded Transportation its attorney's fees.

### Standard of Review

The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *See Kang v. Hyundai Corp.,* 992 S.W.2d 499, 501 (Tex. App.-Dallas 1999, no pet.).

■ When both parties move for summary judgment and the trial court grants one motion and denies the other, we review the propriety of both motions. *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). We determine all questions presented and render such judgment as the trial court should have rendered. *Id.*

### Coverage

■ Transportation moved for summary judgment on the ground that the Clinic was covered under the TMLT policy as a matter of law. In its first point of error, TMLT asserts the trial court erred in finding that the Clinic was covered under the TMLT policy.

Pursuant to section 4.01 of article 4590i, a person asserting a health care liability claim must give notice to *each* physician or health care provider against whom the claimant asserts liability. Act of June 16, 1977, 65th Leg., R.S., ch. 817 § 4.01, 1977 Tex. Gen. Laws 2047–48, *repealed* by Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 10. 01, 2003 Tex. Gen. Laws 847, 864–885 (the provisions of article 4590i, section 4.01 are now codified at Tex. Civ. Prac. & Rem.Code Ann. § 74.051 (Vernon Supp. 2004)). The term "health care provider" includes professional associations. Act of June 16, 1977, 65th Leg., R.S., ch. 817 § 1.03(a)(3), 1977 Tex. Gen. Laws 2041, *repealed* by Act of June 11, 2003, 78th Leg., R.S., ch. 204, §§ 10. 01, 2003 Tex. Gen. Laws 847, 864–885.

The Clinic's TMLT policy defines "named insured" as follows:

> *"Named Insured"* means the professional association, partnership or other physcians' [physicians] practice group so designated in the applicable Declarations Page of *this policy.* Any partner, shareholder, associate, officer, director or other *proprietary member* of such insured while acting within the scope of duties for such insured shall be included within the coverage afforded the *Named Insured,* but only with respect to *vicarious liability* for acts or omissions of others in the practice of medicine....

A "claim" is defined in the TMLT policy as:

> (a) the receipt by the *Named Insured* of a summons or citation in a lawsuit,
>
> (b) the receipt by the *Named Insured* of a written notice of *claim* sent pursuant to article 4590i, § 4.01 of the Texas Medical Liability and Insurance Improvement Act or
>
> (c) the receipt by the *Named Insured* of a written demand from a patient or representative of such patient, provided the lawsuit, notice of *claim* or written de-

mand from a patient seeks compensatory *damages* because of *injury* resulting from an *insured incident* occurring on or after the *retroactive date* of *this policy*.

Transportation contends that the Clinic received notice of the claim against it during the TMLT policy period. Transportation contends that the July 1996 letter to Dr. Wollenman constituted notice to the Clinic because the term "named insured" under the Clinic's policy includes proprietary members for whose acts the Clinic is vicariously liable. However, it is the petition in the underlying medical malpractice action that first claimed the Clinic was vicariously liable for the actions of Dr. Wollenman, not the July, 1996 notice letter received by the Clinic.

Transportation relies on article 1528f § 24 of the Professional Association Act to support its claim that the 1996 notice letter supplied notice to the Clinic as well as to Dr. Wollenman. Article 1528f § 24 provides:

> Nothing in this Act shall remove or diminish any rights at law that a person receiving professional services shall have against a person furnishing professional services for errors, omissions, negligence, incompetence or malfeasance. The association (but not the individual members, officers or directors) shall be jointly and severally liable with the officer or employee furnishing professional services for such professional errors, omissions, negligence, incompetence or malfeasance on the part of such officer or employee when such officer or employee is in the course of his employment for the association.

TEX.REV.CIV. STAT. ANN. art. 1528f § 24 (Vernon Supp.2004). Transportation argues that this section makes the Clinic automatically liable for the acts of Dr. Wollenman, stating in its brief "a claim against Dr. Wollenman is a claim against the Clinic." We disagree.

The intent of section 24 was to ensure that professionals would not be shielded from liability by forming professional associations. *See Durham Clinic, P.A. v. Barrett,* 107 S.W.3d 761, 764 (Tex.App.-Waco 2003, pet. denied); *Khatib v. Husain,* 949 S.W.2d 805, 814 (Tex.App.-Fort Worth 1997), *rev'd on other grounds, Husain v. Khatib,* 964 S.W.2d 918 (Tex.1998). In *Barrett,* the plaintiff filed a lawsuit for injuries suffered by her son during his birth. Subsequent to the child's birth, the Clinic dissolved. The statute of limitations required the plaintiff to bring her claim against the Clinic within three years of its dissolution.[2] The plaintiff filed her claim against the Clinic more than three years after it dissolved. The plaintiff relied on section 24 as support that her claim survived beyond three years. The court of appeals held the plaintiff could not use section 24 to protect her from the application of the statutory limitations provision. *Barrett,* 107 S.W.3d at 764.

Article 4590i applies to professional associations. *See Khatib,* 949 S.W.2d at 814. Article 4590i requires that a person asserting a health care liability claim must give notice to *each* physician or health care provider against whom the claimant asserts liability. Just as the plaintiff in *Barrett* could not use section 24 to protect her from the application of a statutory limitations provision, Transportation cannot use section 24 to protect it from the application of the notice requirements of 4590i. The parents of Brandon Harris did not provide notice of a health care liability claim to the Clinic prior to September 1, 1996, the expiration date of the TMLT policy. Accord-

2. TEX. BUS. CORP. ACT ANN. art. 7.12 (Vernon 2003).

ingly, the TMLT policy did not provide coverage for the Clinic as a matter of law.

The trial court erred in granting Transportation's motion for summary judgment. We sustain TMLT's first point of error.

In its fourth point of error, TMLT asserts the trial court erred in failing to grant its motion for summary judgment. The summary judgment evidence shows Dr. Wollenman received a notice of claim letter addressed to him on July 2, 1996. The body of the letter refers to a potential claim *solely* against Dr. Wollenman. The letter is silent as to the Clinic. Upon receipt of that letter, TMLT assumed the defense of Dr. Wollenman pursuant to the terms of the doctor's policy. In their original petition in the underlying medical malpractice action, the plaintiffs state they provided the required 4590i notice to the Clinic on May 28, 1999, almost three years after Dr. Wollenman received notice in accordance with 4590i.

Having reviewed all of the summary judgment evidence, we conclude the trial court erred in failing to grant TMLT's motion for summary judgment. We sustain TMLT's fourth point of error.

In its third point of error, TMLT complains of the trial court's award of attorney's fees to Transportation. TMLT requested attorney's fees in its first amended answer. In light of this Court's holding, we remand the issue of attorney's fees to the trial court.

We reverse the trial court's judgment, render judgment that Transportation take nothing against TMLT, and remand this cause to the trial court on the issue of attorney's fees.