

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 13, 2006

Mr. Carl Reynolds
Administrative Director
Office of Court Administration
Post Office Box 12066
Austin, Texas 78711-2066

Opinion No. GA-0398

Re: Eligibility of former and retired judges to sit by assignment (RQ-0377-GA)

Dear Mr. Reynolds:

You ask several questions about a 2003 amendment to Government Code section 74.055 that increased the eligibility requirements for retired and former judges serving on assignment to trial courts.[1] In particular, you ask about the grandfather clause that exempts certain judges from the new eligibility requirements.

Government Code section 74.052 provides that "[j]udges may be assigned in the manner provided by this chapter to hold court when necessary to dispose of accumulated business in the [administrative judicial] region." TEX. GOV'T CODE ANN. § 74.052(a) (Vernon 2005); *see id.* § 74.042(a) (dividing state into nine administrative judicial regions). Judges subject to assignment include certain former and retired judges. *See id.* § 74.054. Section 74.055 requires the presiding judge of each judicial administrative region to "maintain a list of retired and former judges who meet the requirements of this section." *Id.* § 74.055(a). "To be eligible to be named on the list, a retired or former judge must" fulfill the requirements set out in section 74.055(c). *Id.* § 74.055(c). House Bill 3306 of the Seventy-eighth Legislature amended the section 74.055(c) eligibility requirements and adopted a grandfather clause exempting certain judges from the new eligibility requirements. *See* Act of May 29, 2003, 78th Leg., R.S., ch. 315, §§ 12, 23(c), 2003 Tex. Gen. Laws 1337, 1339-40, 1342. Before the 2003 amendment became effective, section 74.055(c) provided as follows:

> (c) To be eligible to be named on the list, a retired or former judge must:
>
> (1) have served as a judge for at least 48 months in a district, statutory probate, statutory county, or appellate court;

---

[1]*See* Letter from Carl Reynolds, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Attorney General of Texas (Aug. 16, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(2)  have developed substantial experience in the judge's area of specialty;

(3)  not have been removed from office;

(4)  certify under oath to the presiding judge, on a form prescribed by the state board of regional judges, that the judge did not resign from office after having received notice that formal proceedings by the State Commission on Judicial Conduct had been instituted as provided in Section 33.022 and before the final disposition of the proceedings;

(5)  annually demonstrate that the judge has completed in the past calendar year the educational requirements for active district, statutory probate, and statutory county court judges; and

(6)  certify to the presiding judge a willingness not to appear and plead as an attorney in any court in this state for a period of two years.

Act of May 17, 1995, 74th Leg., R.S., ch. 298, § 4, 1995 Tex. Gen. Laws 2666, 2666-67.

House Bill 3306 amended subsection 74.055(c)(1) to increase the length of service required and subsection 74.055(c)(4) to provide more stringent requirements regarding disciplinary actions. *See* Act of May 29, 2003, 78th Leg., R.S., ch. 315, § 12, 2003 Tex. Gen. Laws 1337, 1339-40. These provisions now read as follows:

(c)  To be eligible to be named on the list, a retired or former judge must:

(1)  have served as an active judge for at least 96 months in a district, statutory probate, statutory county, or appellate court;

. . .

(4)  certify under oath to the presiding judge, on a form prescribed by the state board of regional judges, that:

(A) the judge has never been publicly reprimanded or censured by the State Commission on Judicial Conduct; and

(B)  the judge:

(i)  did not resign or retire from office after the State Commission on Judicial Conduct notified the judge of the

> commencement of a full investigation into an allegation or appearance of misconduct or disability of the judge as provided in Section 33.022 and before the final disposition of that investigation; or
>
> (ii) if the judge did resign from office under circumstances described by Subparagraph (i) was not publicly reprimanded or censured as a result of the investigation[.]

TEX. GOV'T CODE ANN. § 74.055(c) (Vernon 2005). Subsections 74.055(c)(2), (3), (5) and (6) were not changed. House Bill 3306 also added subsection (f) to section 74.055:

> (f) A former or retired judge is ineligible to be named on the list if the former or retired judge is identified in a public statement issued by the State Commission on Judicial Conduct as having resigned or retired from office in lieu of discipline.

*Id.* § 74.055(f), *adopted by* Act of May 29, 2003, 78th Leg., R.S., ch. 315, § 12, 2003 Tex. Gen. Laws 1337, 1339-40. The amendments to section 74.055 were effective June 18, 2003. *See* Act of May 29, 2003, 78th Leg., R.S., ch. 315, § 27(a), 2003 Tex. Gen. Laws 1337, 1342.

We turn to your questions. Your first question is as follows:

> Assume that a judge was on the list of judges eligible to serve on assignment on June 17, 2003, but the judge did not meet the new eligibility requirements enacted by H.B. 3306. Is the judge still eligible to serve on assignment on June 18, 2003?

Request Letter, *supra* note 1, at 3.

The answers to your questions are found in section 23(c) of House Bill 3306, which exempts certain persons from the 2003 amendments to section 74.055. We construe section 23(c) to determine and give effect to the legislature's intent. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). We must construe it as written and, if possible, ascertain legislative intent from the provision's plain language. *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985); *Liberty Mut. Ins.*, 966 S.W.2d at 484.

Section 23(c) provides in part:

> The change in law made by this Act to Section[] . . . 74.055, Government Code, does not apply to a person who immediately before the effective date of this Act meets the eligibility requirements to . . . be named on a list of retired and former judges under Section

> 74.055(c), Government Code, *other than the certification requirement under Section 74.055(c)(6), Government Code*, and the former law is continued in effect for determining that person's eligibility for those purposes.[2]

Act of May 29, 2003, 78th Leg., R.S., ch. 315, § 23(c), 2003 Tex. Gen. Laws 1337, 1342 (emphasis added).

As a preliminary matter, we consider the phrase "other than the certification requirement under Section 74.055(c)(6), Government Code[.]" *Id.* This language provides an exception to the section 74.055(c)(6) requirement that a retired or former judge "certify to the presiding judge a willingness not to appear and plead as an attorney in any court in this state for a period of two years" as a condition of eligibility to be named on the list. *See* WEBSTER'S NEW INTERNATIONAL DICTIONARY 888 (2d ed. 1947) ("except" used as a preposition means "other than"). It is not clear at first glance to which other provision in section 23(c) the exception applies. Section 23(c) could be read as if "[t]he change in law made by this Act to Section[] . . . 74.055, Government Code," other than the certification requirement under Government Code section 74.055(c)(6), "does not apply to a person who immediately before the effective date of this Act meets the eligibility requirements to . . . be named on a list of retired and former judges under Section 74.055(c), Government Code." Act of May 29, 2003, 78th Leg., R.S., ch. 315, § 23(c), 2003 Tex. Gen. Laws 1337, 1342. Under this reading, section 23(c) would grandfather certain persons from any change to section 74.055 made by House Bill 3306, except for a change to the 74.055(c)(6) certification requirement. House Bill 3306 did not, however, make any change in section 74.055(c)(6). *See id.* § 12, 2003 Tex. Gen. Laws 1337, 1339-40 (amending Government Code section 74.055(c)(1) and (c)(4), and leaving section 74.055(c)(6) unchanged). Thus, the phrase "other than the certification requirement under Section 74.055(c)(6)" cannot meaningfully relate to "[t]he change in law made by this Act to Section[] . . . 74.055, Government Code." *Id.* § 23(c), 2003 Tex. Gen. Laws 1337, 1342.

Instead, we read the exception to refer to "the eligibility requirements to . . . be named on a list of retired and former judges under Section 74.055(c), Government Code." *Id.* Read in this way, section 23(c) would provide that

> [t]he change in law made by this Act to Section[] . . . 74.055, Government Code, does not apply to a person who immediately before the effective date of this Act meets the eligibility requirements [other than the certification requirement under Section 74.055(c)(6)] to . . . be named on a list of retired and former judges under Section 74.055(c), Government Code.

*Id.* Section 23(c) would thus grandfather certain persons who met the eligibility requirements that existed before the effective date of House Bill 3306, except they would not have to meet the section

---

[2]The omitted language pertains to eligibility for assignment to courts under other Government Code provisions.

74.055(c)(6) certification requirement. Because the certification requirement was an eligibility requirement that existed immediately before the effective date of House Bill 3306, the exemption could meaningfully apply to it. Thus, reading the exception as exempting certain persons from meeting the certification requirement gives the exception meaning in the context of section 23(c).

Section 23(c) maintains the status quo of persons who qualified for appointment to serve by assignment under 74.055(c) immediately before the effective date of changes to that section. A judge who was on the list immediately before the effective date of House Bill 3306 presumably met the eligibility requirements applicable at that time. Accordingly, the new eligibility requirements do not apply to him and "the former law is continued in effect" for determining his eligibility for service. *Id.* Section 23(c) in effect exempts this person from the new section 74.055 eligibility requirements.

You next ask:

> If the answer to question 1(a) is yes, must the judge remain on the list continuously in order to remain eligible to serve on assignment at any time after June 18, 2003? For example, assume that at some point after June 18, 2003 the judge requests that his or her name be removed from the list but he or she wishes to resume serving on assignment at a later date. Will the judge be eligible to be placed on the list at that time even though the judge does not meet the new requirements?

Request Letter, *supra* note 1, at 3.

Pursuant to section 23(c)'s literal language, the new eligibility requirements added by House Bill 3306 do not apply to "a person who immediately before the effective date of this Act meets the eligibility requirements . . . to be named on a list of retired and former judges." Act of May 29, 2003, 78th Leg., R.S., ch. 315, § 23(c), 2003 Tex. Gen. Laws 1337, 1342. Actually being on the list is not an eligibility requirement.

Section 23(c) also provides that "the former law is continued in effect for determining that person's eligibility." *Id.* This provision identifies a class of persons whose eligibility is to be determined according to former law, without limiting the time in which the former law will apply to them. Retired and former judges must meet the eligibility requirements under former Government Code section 74.055(c), "other than the certification requirement under Section 74.055(c)(6), Government Code." *Id.* Thus, they are not required to "certify to the presiding judge a willingness not to appear and plead as an attorney in any court in this state for a period of two years." TEX. GOV'T CODE ANN. § 74.055(c)(6) (Vernon 2005). The legislature expressly excepted retired and former judges within section 23(c) from the only eligibility requirement that would otherwise have to be renewed after the effective date of the 2003 amendments.

If a person is eligible to serve on assignment immediately prior to the effective date of the 2003 amendments to section 74.055, his eligibility to be placed on the list in the future will be

determined according to the former version of section 74.055(c). In answer to your specific question, the judge does not have to remain on the list continuously to remain eligible to serve on assignment at any time after June 18, 2003. He need only meet the eligibility requirements under former section 74.055(c) to be placed on the list in the future.

Your next question is as follows:

> Assume that a former or retired judge was eligible to be named on the list on June 17, 2003, but was not in fact on the list. Is the judge eligible to be named on the list after the effective date of H.B. 3306 if the judge does not meet the new eligibility requirements added by H.B. 3306?

Request Letter, *supra* note 1, at 3.

As we have previously discussed, if a former or retired judge was eligible to be named on the list on June 17 but was not in fact on the list, his eligibility to be named on the list after the effective date of House Bill 3306 is determined according to section 74.055(c) prior to the changes adopted by House Bill 3306. He need not be on the list to remain eligible under former law to be placed on the list.

Your last question provides:

> Assume that a judge would have been eligible to be named on the list if the judge had left the bench and asked to be placed on the list on or before June 17, 2003. Also assume that the judge did not leave the bench until after June 18, 2003, at which time the judge did not meet the new eligibility requirements. Is the judge eligible to be named on the list when leaving the bench?

*Id.*

The judge in this case was an active judge, not a former or retired judge, immediately before the effective date of the statute. *See* TEX. GOV'T CODE ANN. § 74.041(4) (Vernon 2005) ("'Active judge' means a person who is a current judicial officeholder."). Section 23(c) preserves the status quo for judges who were able to qualify for service by assignment immediately before the change in the section 74.055 eligibility requirements. An active judge was unable to qualify for service by assignment under section 74.055(c) on or before June 18, 2003, because only a "a retired or former judge" could qualify under that provision. *Id.* § 74.055(c). An individual who was an active judge when the changes to section 74.055 became effective and who subsequently leaves the bench and seeks appointment to the list for service by assignment must qualify under section 74.055 as amended by House Bill 3306.

## S U M M A R Y

Government Code section 74.055(c) sets out eligibility requirements applicable to former and retired judges who wish to sit by assignment as a judge. Amendments to section 74.055 that became effective on June 18, 2003 increased the required length of service needed to qualify and adopted stricter requirements as to disciplinary actions. The amending legislation excepted from the changes to section 74.055 those persons who qualified to serve by assignment under its requirements immediately before the changes became effective. The exception applies both to persons who at the relevant time were on the list to serve by assignment and those who were not on the list but qualified to be placed on it. The exception does not apply to a person who was an active judge when the changes to section 74.055 became effective.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee