# IN THE SUPREME COURT OF TEXAS

No. 19-0280

LOUIS HINOJOS, PETITIONER

V.

STATE FARM LLOYDS AND RAUL PULIDO, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

JUSTICE GUZMAN, dissenting.

I fully join JUSTICE BLACKLOCK's dissent but write separately to further explain why I joined the Court's opinion in *Barbara Technologies Corp. v. State Farm Lloyds*[1] but cannot do so here. *Barbara Tech* applies to this case to the extent it holds that engaging a contractual appraisal process does not extend the deadlines in the Texas Prompt Payment of Claims Act (TPPCA). But *Barbara Tech* neither involved nor answered the dispositive question in this case: whether the insurer's partial payment of a claim before the deadline precludes liability under the Act. On that issue, the Act's plain language favors judgment for the insurer.

---

[1] 589 S.W.3d 806 (Tex. 2019).

The Legislature designed the Act "to promote the prompt payment of insurance claims."[2] To that end, it provides a series of payment windows and imposes liability on insurers for non-compliance. One of those payment windows, provided in section 542.057(a), requires an insurer that has accepted "a claim or *part* of a claim" to "pay *the* claim" within five days after so notifying the insured.[3] Paying "part of a claim" is thus paying "the claim" under the TPPCA.[4] Section 542.058(a), which immediately follows, provides a catch-all sixty-day payment window and entitles insureds to damages when an insurer "delays payment of the claim."[5] Because paying "part of [the] claim" amounts to "pay[ing] the claim," State Farm cannot be subject to liability for "delay[ing] payment of the claim."

Although the Court holds that paying "part of a claim" is not "payment of the claim," it does not rely on the analysis in *Barbara Tech* to reach that conclusion. In *Barbara Tech*, the insurer had rejected the full amount of the claim and paid nothing before the sixty-day payment window closed.[6] After an appraisal established the amount of the loss, State Farm paid the claim and argued the payment was timely because initiation of the contractual appraisal process extended the TPPCA's payment deadline.[7] The Court rejected that argument as unsupported by the statutory text: "We hold that neither State Farm's invocation of the policy's appraisal process for resolution of a dispute as to the amount of loss, nor State Farm's payment based on the appraisal amount,

---

[2] TEX. INS. CODE § 542.054.

[3] *Id.* § 542.057(a) (emphases added).

[4] *Id.*

[5] *Id.* § 542.058(a).

[6] *Barbara Tech*, 589 S.W.3d at 809-10.

[7] *Id.* at 810-11.

exempt[ed] State Farm from TPPCA damages as a matter of law."[8]  To the extent the Court reaches the same conclusion here—that State Farm's payment of the appraisal award did not absolve it of TPPCA liability—it is consistent with *Barbara Tech*.

But this case involves a claim-payment scenario that was not at issue in *Barbara Tech*: timely payment of "part of a claim."  As to that matter, the TPPCA's plain language compels the conclusion that State Farm complied with the TPPCA as a matter of law by paying, within the statutory deadlines, the part of the claim it believed it owed.  As JUSTICE BLACKLOCK's dissent elucidates more comprehensively, paying "part of a claim" is "pay[ing] the claim," so State Farm did not "delay payment of the claim."[9]  In holding to the contrary, the Court strays from our obligation to construe statutes as written.

Just as *Barbara Tech* does not support the Court's disposition, neither do the other cases the Court relies on.  The facts in this case are similar to *Republic Underwriters Insurance Co. v. Mex-Tex, Inc.*[10] and *Alvarez v. State Farm Lloyds*[11], but neither opinion addresses, resolves, or even mentions the legal issue here: whether paying "part of a claim" amounts to "payment of the claim."[12]  The statute instructs, in express language, that it does.

The Court is understandably concerned that an insurer could too easily avoid TPPCA liability by paying a nominal amount.[13]  But (1) courts have no authority to expand or contract

---

[8] *Id.* at 829.

[9] TEX. INS. CODE §§ 542.057, .058.

[10] 150 S.W.3d 423 (Tex. 2004).

[11] 601 S.W.3d 781 (Tex. 2020).

[12] *See id.* at 783 (holding "State Farm's payment of the appraisal award" did not entitle it to summary judgment on the insured's TPPCA claim); *Mex-Tex*, 150 S.W.3d at 427-28 (holding the insurer did not owe prompt-pay damages on the amount paid before the statutory deadline).

[13] *See ante* at 8.

3

statutory text to achieve policy objectives[14] and (2) the Legislature has enacted other remedies to address bad-faith conduct. Our duty is to construe statutes as written,[15] and this statute, as written, permits a prompt, partial payment to eliminate liability under the TPPCA. If the amount of an otherwise prompt payment indicates bad faith, the insured can seek recompense under other statutes.[16] But the Legislature has not authorized prompt-pay damages when an insurer has promptly paid.

I joined *Barbara Tech* because it comported with the TPPCA's plain language. Because the Court's holding today does not, I respectfully dissent.

 

 

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** March 19, 2021

---

[14] *See Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 654 (Tex. 2013) (construing the Insurance Code and noting that "[w]e must take the Legislature at its word, respect its policy choices, and resist revising a statute under the guise of interpreting it").

[15] *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985).

[16] TEX. INS. CODE §§ 541.060(a)(2), 542.003(b)(4).

4