**Opinion issued December 19, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00012-CV

_____

**REGINA CHENNAULT, Appellant**

**V.**

**CHI ST. LUKE'S HEALTH - BAYLOR ST. LUKE'S MEDICAL CENTER, ALI JALALI, M.D., AND ASHWIN VISWANATHAN, M.D., Appellees**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-35941**

---

## MEMORANDUM OPINION

Appellant Regina Chennault appeals, pro se, the trial court's take-nothing summary judgment on her health care liability claim. Appellees sought traditional summary judgment based on limitations and the impropriety of pleading a health care liability claim as a violation of the Texas Deceptive Trade Practices Act.

Liberally construing Chennault's corrected brief, we recognize that she has challenged the trial court's summary judgment. We affirm.

## Background

In her original petition, Chennault alleged that she was treated at the hospital defendant's emergency room on September 4, 2013, two days after she was injured in a car accident. She was discharged the following day with a diagnosis of an epidural hemorrhage, prescription pain medicine, and an order to follow up with an MRI with contrast of her brain. Chennault alleges that, while she was treated at the defendant's hospital, she did not receive intravenous fluids, and she maintains this breached the applicable standard of care. About two weeks later, she had an outpatient MRI with intravenous gadolinium contrast. Chennault alleges that she did not receive IV fluids at that time, either, which also fell below the standard of care.

Chennault alleges that the defendants' actions and omissions, including the use of gadolinium contrast for the MRI caused her injuries. She alleged that she suffered numerous symptoms, including kidney pain and difficulty urinating beginning after her treatment in 2013 and continuing to the present day. Chennault alleges that, in June 2020, urine tests showed evidence of gadolinium toxicity. She further alleges that, in October 2021, skin biopsies showed that she had nephrogenic systemic fibrosis, an incurable condition, caused by gadolinium.

Chennault filed suit against the defendants on June 15, 2022. She pleaded a health care liability claim against all defendants under the Texas Medical Liability Act ("TMLA") and a violation of the Texas Deceptive Trade Practices Act ("DTPA") as to the hospital defendant only. The appellees answered with general denials and affirmative defenses, including the statute of limitations. The hospital defendant and physician defendants filed separate traditional motions for summary judgment on the grounds that her claims were barred by the TMLA's two-year statute of limitations. and that the DTPA did not apply to her claims. In response, Chennault filed an unsigned, unverified, unauthenticated typewritten letter that purported to be from a doctor and that stated she was under his care and suffering from medical conditions that are "only caused by injection of gadolinium with damages cumulative over time and repeat dosing." She later sought leave to supplement the record with the same letter, accompanied by a signed jurat, several pages of medical records, unspecified spreadsheets, and text messages. The defendants objected and asked the court to deny the motion to supplement the summary judgment record because Chennault's proffered documents were not proper summary-judgment evidence.

Chennault also argued that her claims were not barred by limitations because she filed suit within two years of being "correctly diagnosed," "brain fog" from her health problems left her temporarily incapacitated, and the defendants fraudulently

concealed the cause of her injuries. Finally, she mentioned the Open Courts provision of the Texas constitution, but she did not explain how or why it should apply to her case.

The trial court granted summary judgment and dismissed Chennault's claims. Chennault appealed.

## Analysis

On appeal, Chennault asserts four issues. She argues that the court abused its discretion by excluding medical testimony, that a clerical error caused some documents to be absent from the record, that defense counsel did not understand her evidence, and that the application of filing deadlines was unreasonable due to holidays and winter storms.

As with many pro se briefs, the appellant's briefing on appeal falls short of complete compliance with the briefing rules. *See* TEX. R. APP. P. 38.1; *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (pro se litigants held to same standards as licensed attorneys); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). Nevertheless, the Supreme Court of Texas has frequently advised that "[a]ppellate briefs are to be construed reasonably, yet liberally," and that "appellate courts

4

should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

Much of Chennault's brief is exposition about her health, medical treatment and testing, and factual assertions about the course of proceedings in this case. Most of these factual assertions are not supported by the appellate record. Nevertheless, liberally construing Chennault's brief, we conclude that she has challenged the trial court's denial of her motion to supplement the record with proffered evidence and the court's summary-judgment ruling that the statute of limitations bars her claims as a matter of law. To the extent that Chennault attempted to raise any other issues, they are overruled as inadequately briefed. *See* TEX. R. APP. P. 38.1.

To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). "If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan*, 555 S.W.3d at 84; *see Maldonado v. Maldonado*, 556 S.W.3d 407, 414 (Tex. App.—Houston [1st Dist.] 2018, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire &*

5

*Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish every element of that defense. *See Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021).

A health care liability claim is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a); *Kovaly v. Kuruvanka*, 497 S.W.3d 539, 544 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Section 74.251(a) provides that a health care liability claim must be brought "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX. CIV. PRAC. & REM. CODE § 74.251(a); *see also Davenport v. Adu-Lartey*, 526 S.W.3d 544, 551 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

The Texas Legislature has abrogated the discovery rule for health care liability claims. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985) ("We hold that the Legislature's intent in passing [the predecessor to the TMLA] was to abolish the discovery rule in cases governed by the Medical Liability Act."). More recently, the Texas Supreme Court observed that, as to health care liability claims, "[i]t is undeniable that the statute of limitations contains no discovery rule." *Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 298 n.28 (Tex. 2010).

6

Here, it is undisputed that Chennault's claim is a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13) ("'Health care liability claim' means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract."). Chennault's petition establishes that she was last treated by the defendants in September 2013, and she did not file suit until June 2022. Chennault's suit was filed more than two years after the date the medical treatment and hospitalization for which the claim is made was completed. Therefore, the statute of limitations applies and bars her claims. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a).

We do not need to address Chennault's issue about the trial court's denial of her request to supplement the summary-judgment record because the proffered evidence could not have overcome the statute of limitations affirmative defense. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155–56 (Tex. 2015) (contrasting "affirmative defense" with "confession and avoidance"); *Affirmative Defense*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.")

7

We overrule all of Chennault's issues.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.